# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1888.

---

### McLEOD v. GRIFFIS.

| 51 | 1 |
| 77 | 355 |

1. ADMINISTRATION: *Jurisdiction of equity over settlement of administrator.*
   On a bill to impeach the settlement of an administrator, the inquiry of the chancery court is limited to such items of the account as are affected by charges of fraud, accident or mistake, and all other parts of the account should be left to stand as they are. (McLeod v. Griffis, 45 Ark., 505.)

2.—SAME: *Same.*
   A matter which the probate court has passed upon in the settlement of an administrator's account, cannot, in a chancery proceeding to falsify and surcharge such account, be assigned as fraudulent or as the result of accident or mistake, except upon the statement of some fact or circumstance which the probate court did not consider.

3.—SAME: *Same: Allegations and proofs.*
   A bill to impeach the settlement of an administrator, which contains only general charges of fraud, accident or mistake, without specifying in what the fraud or mistake consists, states no cause of action; and the consent of the defendant that such charges may be investigated, will give to a court of equity no jurisdiction to grant relief thereon, except upon such proofs as would sustain specific charges amounting to a cause of action.

Vol. LI.—1

APPEAL from *Lee* Circuit Court in Chancery.

M. T. SANDERS, Judge.

*James C. Tappan* and *Jno. J. Horner*, for appellants.

The law of this case was settled in *45 Ark., 505*, and the account filed by the master, Quarles, has already been adjudicated, nothing being now presented different from the cause as it appeared in the account presented by the former master, Parrott, which was overruled by this court.

The master nowhere in his report finds the administrator guilty of intentional fraud, nor does he find that any loss occurred through any accident or mistake of the administrator. And when he attempted to charge the administrator with matters arising from *errors* or *mere negligence*, he exceeded his powers, as the chancery court had no jurisdiction to go into such matters.

The master had no right to go to the books of account for evidence. He was confined to the pleadings, exhibits and proof, and an examination of the books was improper. The report is an attempt to review and restate the whole accounts, without regard to the settlements in the probate court, as done by Parrott, and this court decided this could not be done.

The report is too general and uncertain, and it is impossible to determine what the master did find from the proofs, or how or where he found it, or why the administrator should be charged with the items charged.

*Stephenson* and *Trieber*, for appellees.

The only question is: Whether the report of the master, as confirmed, is in conformity with the opinion in 45 Ark., 505; everything decided on the former appeal being *res judicata*. *44 Ark., 383*.

The findings of the master in the 4th paragraph are based

entirely on fraud and negligence, and he charges and credits amounts found to be the result of fraud, errors or mistakes.

2. The master merely referred to the books whenever, owing to interlineations or erasures, he was uncertain which was correct.

3. The report is made in accordance with the directions contained in the opinion of this court, in all respects, and should be approved and the decree affirmed.

CLARK, Sp. J.

This is a proceeding in chancery to surcharge and falsify the settlement accounts of the appellant as administrator of the estate of Bernard McLeod, deceased. The case was formerly before this court on appeal and the decree of the circuit court was reversed, upon a hearing upon the original pleadings and proofs, and other proceedings had thereon, referring the case to a master to take an account, and upon his report and statement of the accounts, the case was remanded to the circuit court, with instructions to again refer it to a master to state *an account upon the principles announced in our opinion*, using for that purpose the pleadings, exhibits and proofs in the record, charging the administrator with such losses to the estate as the proofs should show to be the result of intentional or legal fraud, or as occurred through accident or mistake, and crediting him with such mistakes or errors as are shown to be in his favor and charging him with legal interest on any balance from the date of his final settlement with the probate court. *45 Ark., 505*.

On the case being remanded, the circuit court again referred it to a special master, Greenfield Quarles, with instructions as follows:

1. ''Charge the defendant with all such losses sustained by

the estate as are shown by the proofs to have been the result of intentional or legal fraud, or as occurred through accident or mistake of the administrator.

2. "Charge the defendant with any loss sustained by the estate by reason of the purchase by the administrator of the stock of merchandise belonging to the estate.

3. "Credit the defendant with the errors and mistakes shown to be in favor of the administrator.

4. "Charge the defendant with 6 per cent. per annum interest on any balance against him from the date of his final settlement in the probate court.

5. "If the master finds that the said administrator has been guilty of any fraud in concealing assets of the estate and failed to account for them, deduct all commissions allowed him for his services as such administrator and charge them to him in the account."

The master has divided his report into six paragraphs. In the first he states: "That owing to interlineations, erasures," etc., in the exhibits he found it necessary to make an examination of the books of account kept by B. McLeod in his life time, and by G. W. McLeod, as the administrator of the estate, stating the accounts *covering the whole administration, on the theory* adopted by the former master.

He then states an account accordingly, covering the whole proceedings of the administration, making the sum of the debits $52,155.88 and the sum of the credits $46,239.18, leaving a balance in the hands of the administrator at date of his last settlement, January 7th, 1879, the sum of $5,916.66, to which, adding legal interest to October 25th, 1886, makes $8,681.68.

2. In the second paragraph he states the account differently, leaving out of the credits the administrator's commissions,

on the theory that he had forfeited commissions on account of his frauds, and makes the amount due, including interest, October 25th, 1886, $10,663.86.

3. In the third paragraph he states no account, but alleges there was some evidence that the administrator bought timber out of which lumber was manufactured for the estate, but as the value or amounts were not given, no credit could be allowed.

4. In the fourth paragraph, after stating that "charging the defendant with the amounts which came into his hands and which he failed to account for, and with such losses to the estate as the proofs show to be the result of negligence, accident or mistake, and crediting him with such mistakes or errors as are shown to be in favor of the administrator," he proceeds to state an account accordingly. As the fourth and fifth paragraphs were affirmed by the court below, we will here state the items of this account.

| | | |
|---|---:|---:|
| To amount of notes not accounted for | $1,551 | 06 |
| To lumber, etc., not accounted for | 4,795 | 38 |
| To error in Bush note | 333 | 74 |
| To shingles | 50 | 00 |
| To error as to voucher 58, first settlement acc't | 210 | 00 |
| To interest on notes | 265 | 69 |
| To error in claim paid Jarrot and Rodgers | 50 | 00 |
| To check given | 100 | 00 |
| To error in Allison draft | 407 | 31 |
| To over-charge in building gin | 196 | 00 |
| To error in am't paid Allison, Smith & Johnson | 72 | 00 |
| Total amount of debits | $8,031 | 18 |

CONTRA.

| | | |
|---|---:|---:|
| By remnant corn, timber, etc ....................................... $ | 496 | 86 |
| By amount paid Hewitt, $414.77 less $100.00........ | 314 | 77 |
| By amount E. L. Black................................................... | 100 | 78 |
| By repairs and miscellaneous expenses ......................... | 647 | 79 |
| By J. A. Bush ............................................................... | 580 | 00 |
| By James Torlin .......................................................... | 35 | 00 |
| By additional mill expenses .......................................... | 21 | 00 |

Total credits...................................................$2,196 20

To amount January 7th, 1879 ................$5,834 98
To int. for 7 years, 9 mo., 16 days ..... 2,727 87

Amount due Oct. 25th, 1886 .......$8,562 85

5. The master in the fifth paragraph states: "From the proofs before the master, he finds it impossible to state from what source some of the items with which the administrator charges himself in the first settlement come, but by charging him with the open book accounts which came to his hands, the merchandise bought and paid for with the moneys of the estate, the probable profits made in the mercantile business while carried on by the administrator for the benefit of the estate, the amounts would be about the same." The master has, therefore, balanced those items and made no charge nor allowed any credits for these items.

6. In the sixth paragraph the master finds that "The manner in which the administrator conducted the estate, his failure to keep proper books of account and to charge himself with the assets with which he is legally chargeable, deprives him of any right to commissions," and thereupon he deducts the commissions allowed in his accounts, $1,666.25, with interest, $778.82, making $2,446.06, from his accounts as

allowed him by the probate court, and adding it to the aforesaid balance of $8,562.85, charges the administrator as due the estate the sum of $11, 007.91.

To this report the defendants except, as follows:

1st. To the first paragraph, because the master therein disregards the settlement accounts of the administrator by the probate court, and restates the accounts covering the whole of the administration, on the theory of the former master, J. M. Parrott, in contravention of the former decision of this court.

2d. To the second paragraph, for the same causes contained in his exception to the first paragraph, and because by the finding of the master the administrator is deprived of commissions allowed by the probate court, unjustified by anything in the pleadings or proofs, or the former decision of the supreme court.

3d. To the fourth paragraph he excepts to the items, $1,551.06, amount of notes not accounted for, and $4,794.-38, for lumber not accounted for, amounting to $6,346.44, for the following reasons: (1) These charges are not itemized. (2) There is nothing to show that they are not embraced in the administrator's accounts as confirmed in the probate court. (3) There is nothing to show that they were collected or collectable. (4) There is nothing to show that if omitted from the probated settlements, it was through any fraud, accident or mistake of the administrator.

4th exception. To the sixth paragraph, on the same grounds set out in his exception to the second paragraph above.

5th exception. And the defendants except to the whole report, because it is stated in the alternative.

6th exception. Because it ignores the judgment of the pro-

bate court in confirming the administrator's several settlement accounts and the directions of the supreme court, and without finding or specifying that the administrator was guilty of any fraud, actual or legal, or that said judgments resulted from accident or mistake; and because the report states the account on the theory that the administrator is chargeable with neglect.

7th exception. Because the administrator is charged with various sums in addition to those in his settlement accounts, unsupported by any testimony that such omissions were the result of fraud, accident or mistake, or that the estate suffered any loss therefrom.

The court, in its decree, overruled the 3d, 5th, 6th and 7th of defendants' exceptions and sustained the 1st, 2d and 4th, especially confirming and approving the 4th and 5th paragraphs of the master's report, finding that the administrator had in his hands the sum of $5,834.93, on the 7th day of January, 1879, unaccounted for, and decreed so much money, with interest thereon to date of decree, May 5th, 1887, $2,917.50, making, in the aggregate, $8,752.48 to be paid, with accruing interest, to the widow and heirs of Bernard McLeod, deceased. The defendants excepted and appealed.

It seems as the court sustained all the exceptions of the defendants to the master's report, except what is contained in the 4th and 5th paragraphs, and the plaintiffs have not appealed, that the questions here are narrowed down to the inquiry whether the court erred in overruling the exceptions to those paragraphs, and in rendering its decree based upon the one account therein contained.

In remanding the case, in our former decision, for further reference to a master, we expressly directed that the account

McLeod v. Griffis.

should be taken in accordance with the principles announced in our opinion.

In that opinion we think it was clearly laid down that the settlement accounts of an administrator, when confirmed by the probate court, are judgments of that court, which is a court having competent jurisdiction over the subject; that ample provision has been made for a review of the proceedings of that court on appeal. That in collateral proceedings in the chancery court, to surcharge and falsify such accounts of the administrator, the court can go no further than to inquire into the charges of fraud, accident or mistake. 1. ADMINIS-
TRATION:
Jurisdic-
tion of equi-
ty over set-
tlement of
administra-
tor.

This inquiry will necessarily be limited to such items of the settlement as are affected by such charges or proof, and the burthen of proof is on the plaintiff. All other parts or items of the accounts should be left to stand as they are.

On further submitting the case to a master, the chancellor has, inadvertently no doubt, left the question as to this limited jurisdiction of the court to the uncontrolled discretion of the master, and the master has evidently regarded the entire settlement accounts in the probate court as subject to review and restatement, and he has in the first paragraph of his report proceeded to review and restate them, avowedly covering the whole administration, upon the theory set out in the statement by the former master, J. M. Parrott.

It was expressly upon the ground of this theory that we held that statement erroneous. The new account is based upon the same pleadings and evidence as the old one, no change in the pleadings having been made and no new evidence taken, and we must determine the question here by the same record. True, the court sustained exceptions to the general restatement in the first and second paragraphs, and ruled it out as it did the paragraph depriving the adminis-

McLeod v. Griffis.

trator of his commissions. Manifestly and expressly, however, the account set out in the fourth paragraph is based upon the same view. It consists of such items selected from the whole record, wherein the parties on either side are conceived to have suffered loss. It is manifestly an effort to correct the errors in the administrator's accounts without regard to whether such errors were fraudulent or the result of accident or mistake, or were errors of the court and parties which could be corrected only by appeal. We are aware that to draw this distinction in all cases is exceedingly difficult, and this difficulty has been the source of much litigation in the courts. In our former opinion we stated that "It may be, and often is, no doubt, a matter of great difficulty for the chancellor, upon the charges and evidence before him, to distinguish in a matter of complicated accounts, what is fraudulent or the result of accident or mistake from what is mere error remediable only by appeal. But this is a difficulty inherent in the subject, and must be met by the patient exercise of the discriminating power of the chancellor." The distinction is, however, all-important, as it constitutes the boundary of the court's jurisdiction or its judicial power, and must be maintained.

2. SAME.    It is plain, however, that whatever matter the probate court has passed upon cannot be assigned in the chancery court as fraudulent or as the result of accident or mistake, unless upon the statement of some fact or circumstance not considered by that court. The identical issues decided by the probate court cannot be retried and reversed by the chancery court in this proceeding, and where this is manifest the court should refuse to take jurisdiction. The difficulty is almost peculiar to judgments confirming administrators' accounts. Those settlements are necessarily divided into numerous

McLeod v. Griffis.

items of debit and credit, and the items have no necessary connection with each other; but an examination and confirmation of the settlement is the judgment of the probate court as to each separate item as much as it is to the settlement as a whole. We are not prepared to say that the chancery court would not have jurisdiction to set aside as a whole the settlement accounts of an administrator, but it would be only upon an impeachment of the settlements as a whole. It must be upon fraud or accident going to or affecting the entire action of the probate court, and in which the court has been the victim of the fraud or the accident. "It must affect all the items of the account." This is the rule even as to stated mutual accounts between parties *in pais*. See *Branger v. Chevelier*, 9 Cal., 353; *Bruen v. Hane*, 2 Barb., 586; *Grover v. Hall*, 3 Harr. & J. (Md.), 43; *Bullock v. Boyd*, 2 Edw. Ch. (N. Y.), 293; *Farnham v. Brooks*, 9 Pick., 212; *Roberts v. Totten*, 13 Ark., 609. And see the doctrine laid down in *1st Wait, Actions and Defences*, 192, *et seq.*

It is true that in the equitable action of account, the court will in some cases reopen the whole statement for the correction of errors affecting the balance, by consent of parties, but this is because the jurisdiction of the court over the subject is plenary.

It has in that case jurisdiction of errors as well as frauds. See cases above and *Floyd v. Priester*, 8 Rich. Eq. (S. C.), 248; *Troup v. Haight*, Hopk. Chy. (N. Y.), 238.

In our former decision we held that the consent of the defendants could not enlarge the jurisdiction so as to admit a general review of the administrator's accounts or to correct any errors properly correctable on appeal, but that it would authorize an inquiry as to such frauds, accidents or mistakes as 3. SAME: Allegations and proofs.

the proof should show to be such without reference to whether specific charges to that effect had been made. It was not intended that such proof should be otherwise than such as would sustain specific charges if made.

The rule laid down by Justice Eakin in the case of *Reinhart v. Gartrell*, 33 Ark., 727, is the true one: "That the chancellor should confine the reference to the correction of the settlement as to those points where the errors originally occurred, and where they entered into subsequent statements; and this finding should be itself always upon the allegations of the bill pointing out the fraud and not upon vague and general charges. General assertions of fraudulent intent add nothing to the strength of the bill, unless made applicable to specific acts or declarations."

We cannot agree that general charges of fraud, accident or mistake in an administrator's settlement accounts, without such specifications as show in what the fraud or mistake consists, can constitute a cause of action in this collateral proceeding. The court will not compel a discovery from the administrator to find out whether it has jurisdiction. Jurisdictional facts must be charged. In the language of ancient jurisprudence, "the court of chancery will not entertain a fishing bill."

In the original complaint, the plaintiffs, after numerous charges of frauds connected with the separate items of the settlements, proceed to state, in effect, that other frauds and mistakes existed in the accounts unknown to the plaintiffs, but which would appear upon an inspection of the books and a discovery from the administrator, and prayed such discovery, and that the settlements might be opened and the administrator's accounts restated. The defendants in their answer and cross-bill admitting errors and mistakes, denying any

intentional frauds, claim that such errors and mistakes were principally against the administrator, and consent to setting aside the settlements and restating the accounts over the whole administration. The court proceeded accordingly to set aside the settlements and to restate the accounts. We are of opinion that these proceedings were erroneous and *coram non judice*, except so far as they contain evidence of the specific charges in the pleadings, or such proofs of fraud, accident or mistake in the several items of the settlements as when properly charged would give a right of action. We are not able to see how we can affirm the decree without sanctioning these proceedings—without setting a precedent inconsistent with many former decisions of this court and with our former opinion in this case, for there is nothing in the report of the master or the decree to show that the jurisdictional distinction referred to has been considered in reference to the items of this account, upon which the decree is based. Whether they are charged or proved to be fraudulent, or the result of accident or mistake. The master has acted upon the principle that fraud or mistake in any one particular authorized him to review the whole proceeding and to correct any errors he might find prejudicial to the party. The defendants' exceptions are founded upon this error and we think they are well taken.

The decree will be reversed and the case will again be submitted to a special master here; and as the account last taken, upon which the decree was based, contains whatever is complained of in the settlements of the administrator, we will confine the reference to an inquiry as to the charges and proofs in the record to affect the several items of the account with fraud or show that they were the result of accident or mistake. Hon. W. P. Campbell, the clerk of this court,

is hereby appointed an especial master for that purpose, and he will charge against the administrator such of the items or parts of items in the said accounts as the proofs in the record shall show to be connected with fraud or the result of accident or mistake on the part of the administrator or the probate court, and report the evidence upon which such charge is made. And he will allow such items of credit in the account as through error or mistake the administrator is entitled to, but only to the extent of the debits against him; and charge legal interest upon any balance against the administrator from the date of his last settlement.

The master will report his proceedings to this court on the 2d Saturday in October next, and the parties or their solicitors are permitted to appear before the master at any time to be set by him, to assist him in determining the questions involved.

SMITH, J., did not sit in this case.