## *Ex parte* Grooms.

### Opinion delivered February 12, 1912.

1. WIDOW'S ALLOWANCE—WHETHER IN LIEU OF DOWER.—Kirby's Digest, section 3, providing that "when any person shall die leaving a widow and minor children or widow or minor children, * * * where the personal estate exceeds in value the sum of three hundred dollars, the widow and minor children, or widow or minor children, as the case may be, may retain the amount of three hundred dollars out of such personal property at its appraised valuation," does not intend that such allowance shall be in lieu of dower. (Page 323.)

2. DOWER—IN PERSONALTY.—A widow's dower in personalty must be carved out of the specific estate of which the husband was seized at the

time of his death; that is, she is entitled to one-third out of each kind or class of personal property of which her husband died seized and possessed.    (Page 325.)

3.    SAME—HOW ESTIMATED.—In estimating the amount of a widow's dower in personalty the whole of the personal estate must be taken into consideration, including the property taken under the special provisions of Kirby's Digest, sections 3, 72 and 74; but she can not take from one class of property more than one-third thereof, as dower, in order to make up for a deficiency in another class created by reason of her having selected out of that class the above special provisions.    (Page 325.)

Appeal from Jackson Circuit Court; *R. E. Jeffery*, Judge; reversed.

*John W. & Joseph M. Stayton*, for appellant.

An examination of the various statutes on the subject that have been in force at different times shows a clear intent on the part of the Legislature to give to the widow the amount provided for in section 3, Kirby's Digest, for herself and minor children, in addition to her dower rights and the benefits of sections 72 and 74.    Act 1846, Digest 1848, section 3, chap. 4, p. 110; Gould's Digest, § 3; Gantt's Digest, § 6; Mansfield's Digest, § 3, amended by act 1881; amended again 1901 to the form now appearing in the present digest; 69 Ark. 94, 191; Kirby's Digest, § 73; 67 Ark. 278; 70 Ark. 246.

Similar provisions enacted in other States have been construed to be for the present support of the widow, and are absolute.    15 N. H. 74; 66 Ky. 241; 48 Mich. 271; 87 Mo. 437; 45 Ala. 264; 77 Mo. 162; 47 Pa. St. 230.    And have been held to be in addition to dower.    134 S. W. 1097; 7 Ind. 354; 16 Ind. 110; 61 Ind. 255; 7 Ky. L. R. 149; 48 Mich. 271; 31 Me. 65; 72 Mo. 656; 25 Pa. St. 31; 34 Pa. St. 394; 33 Vt. 561.

McCULLOCH, C. J.    Under the statutes of this State, a widow is entitled, as a part of her dower, "to one-third part of the personal estate, including cash on hand, bonds, bills, notes, book accounts and evidences of debt whereof the husband died seized or possessed."    Kirby's Digest, § 2708.

Section 3 of the Digest provides that "when any person shall die leaving a widow and minor children, or widow or minor children, * * * where the personal estate exceeds in value the sum of three hundred dollars, the widow and minor children, or widow or minor children, as the case may be, may retain the

amount of three hundred dollars out of such personal property
at its appraised valuation."

Section 72 provides that, in addition to the amount men-
tioned in section 3, the widow shall be allowed to retain as her
absolute property certain specific articles, consisting of wearing
apparel, certain implements of industry, clothing for family
use, and grain, meat, groceries and other provisions necessary
for herself and family for a period of twelve months, and the
household and kitchen furniture and effects sufficient for
herself and family residing with her.

Section 74 provides that: "In addition to the property
specified in section 72, the widow, when the estate is not insol-
vent, may take such personal property as she may wish, not to
exceed the appraised value of one hundred and fifty dollars."

The question presented in this case is, whether the widow
and minor children are entitled to the amount specified in section
3 in addition to the widow's dower. The court below decided
that the provision was in lieu of dower, and not in addition
thereto, and refused to allow the widow and minor children the
amount provided for in section 3, for the reason that the widow's
dower in the personalty of her deceased husband amounted to
more than three hundred dollars. In *Stull* v. *Graham*. 60 Ark.
461, this court held that the widow is entitled to the specific
articles enumerated in section 72, and, where the estate is not
insolvent, to the amount specified in section 74, in addition to her
dower consisting of one-third part of the personal estate. And
in *Lambert* v. *Tucker*, 83 Ark. 416, the court held that "the widow
is entitled to the $300 provided by section 3 of Kirby's
Digest after the same has been duly appraised, and also the
allowances mentioned in section 72; and, if the estate is solvent,
then an additional $150 of the appraised value of the property,
as provided by section 74."

The court has never had occasion heretofore to pass on the
question now presented. The statute does not in express terms
declare whether the provision of section 3 shall be in lieu of, or in
addition to, dower, but it does declare in absolute terms that the
widow and minor children may retain the amount of three hun-
dred dollars out of the estate as their own. This court in *Quat-
tlebaum* v. *Triplett*, 69 Ark. 91, said: "It seems evident that
this legislation was intended to protect the widow and helpless

children of a deceased father," the point in that case being whether, under the statute as it then read, it applied to adult, as well as minor, children. It may be well to add that this provision is for the immediate protection of the widow and minor children, and that it is conferred regardless of the amount of dower to which the widow is entitled out of the estate. Where the lawmakers have conferred the rights expressly and unqualifiedly declared in the several sections referred to, it is difficult for the court, without attempting to legislate, to say that either of the special provisions is made in lieu of dower. If the provisions fo sections 72 and 74 are in addition to, and not in lieu of, dower, as held in *Stull* v. *Graham. supra*, it is difficult to find a reason why we should hold that the provisions of section 3 are in lieu of dower. At one time in the history of this legislation the operation of section 3 was limited to personal estates not exceeding eight hundred dollars in value, and there might have been some reason for saying that the limitation indicated an intention on the part of the lawmakers to make a provision in lieu of dower; but, since the statute has been amended so as to exclude this limitation and give the widow and minor children the amount regardless of the value of the estate, the reason for holding it to be a provision in lieu of dower wholly disappears. In *Horton* v. *Hilliard*, 58 Ark. 298, it was held that the homestead provision of the widow was in addition to dower and that the widow was entitled to dower in one-third of all the lands whereof her husband died seized, including the homestead. The reasoning of that case impels us to hold that the provisions now under discussion were intended to be in addition to dower. It follows therefore that the lower court erred.

The widow's dower in personal property must, as has heretofore been held by this court, "be carved out of the specific estate of which the husband was seized at the time of his death." *Hill* v. *Mitchell*, 5 Ark. 608; *Menifee* v. *Menifee*, 8 Ark. 9. We understand this to mean that the widow is entitled to one-third out of each kind or class of personal property of which her husband died seized and possessed. In estimating the amount she is entitled to as dower, the whole of the personal estate must be taken into consideration, including the property taken under the special provisions herein referred to; but she can not take

from one class of property more than one-third thereof, as dower, in order to make up for a deficiency in another class created by reason of her having selected out of that class the special provision authorized in the section referred to.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.