## JAMESON v. JAMESON.

### Opinion delivered February 15, 1915.

ADMINISTRATION—WIDOW'S RIGHT TO RENOUNCE UNDER THE WILL.—Where a widow elects not to take under the will, but under the law, she takes as though no will had been executed, and the husband had died intestate, and she is accordingly entitled to dower, homestead and the other allowances, as provided in Kirby's Digest, § § 3, 72 and 74.

Appeal from Columbia Circuit Court; *C. W. Smith*, Judge; affirmed.

#### STATEMENT BY THE COURT.

T. N. Jameson died in August, 1912, leaving him surviving his widow, the appellee, but no children. He disposed of his estate by will, which was duly probated, naming the appellants herein as executors.

His estate consisted of household and kitchen furniture, other personal property, and a little over $3,000 in cash, a lot in the town of Magnolia, upon which he lived, as his homestead, and 401 acres of other lands.

He directed his executors to provide for the support and maintenance of his wife, the appellee, "out of the proceeds of any property I may own at the time of my death, and not otherwise bequeathed * * *," and also gave her for life the homestead, and disposed of all of his other estate to his heirs. No claims were probated against the estate.

The widow elected not to take under the will, and filed a petition in the probate court, setting out a description of the property of the estate, and asking that she be

allowed to take the portion thereof as provided in sections 3, 72 and 74 of Kirby's Digest, and that she be allotted dower and homestead therein.

The probate court had her dower and homestead interest assigned, but denied her the right to $150 and $300 under the provisions of sections 3 and 74 of Kirby's Digest.

She appealed from this order to the circuit court where, upon hearing, the court allowed her one-half of the money and personal property of the estate as dower, and a like one-half dower interest in the lands and the homestead, and also the entire homestead for life, and $300 and $150 out of the moneys on hand under the provisions of section 3 and 74 of Kirby's Digest. From this judgment, the executors bring this appeal.

*C. W. McKay,* for appellants.

The widow declined to take under the will; she should therefore be endowed in fee simple of one-half the real estate, and one-half of the personal estate absolutely in her own right, but she is not entitled to the homestead nor any personal property and money. Kirby's Digest, § 3901, 3, 72 and 74, 2699, 2700, 2712. She only has her *election* to accept under the will or take dower, homestead and other provisions made for her by statute. The provisions made for the widow under sections 3, 72 and 74 of Kirby's Digest, are not in lieu of dower, but are in addition thereto. 102 Ark. 233; 60 Ark. 461; 83 *Id.* 416; 58 *Id.* 298. She can not elect to accept homestead and other provisions, but must simply take dower. The testator then can devise his homestead and all personal property except the widow's dower. 86 Ark. 395; 31 Miss. 134; 59 *Id.* 140; 68 *Id.* 810; 65 Ark. 357. It was error to give the widow, in addition to dower, the specific personal property mentioned, $450 in money, and the homestead.

*Stevens & Stevens,* for appellee.

The widow is entitled to dower and to her homestead rights, and to those provided for her under sections 3, 72 and 74 of Kirby's Digest. Kirby's Digest, §§ 2699, 2711,

3, 72, 74; 58 Ark. 301; 40 Cyc. 1968; 102 Ark. 233; 60 *Id.* 461; 83 *Id.* 416; 49 Cent. Dig., § 2018, (d), (e), (ee) and (f).

Kirby's Digest, § 7803, defines "personal property" to be, "money, etc.," and there was no error in setting aside money to the widow instead of personal property.

KIRBY, J., (after stating the facts). It is contended for appellants that when appellee elected not to take under her husband's will, that she was only entitled to dower in his estate, and not to any of the allowances made by statute to the widows of deceased persons. The statutes provide that if land be devised or a pecuniary or other provision made for a woman by will in lieu of dower in his estate, and not to any of the allowances made bequest or be endowed of the lands of her husband, and that if her husband shall devise any portion of his real estate to his wife, it shall be taken in lieu of dower unless the will declares otherwise. Sections 2699, 2711, Kirby's Digest.

There was no devise in this will to the wife of lands or bequest made expressly in lieu of dower, but only a direction that she should be provided for and maintained during her life, out of the proceeds of all the property of the testator's estate with the devise to her of the homestead for life. She had the election to accept the devise or bequest, whether made by the terms of the will in lieu of dower or not. Sections 2711 and 2712.

The provisions made for widows by sections 3, 72 and 74, are in addition to, and not in lieu of, dower. Ex parte *Grooms,* 102 Ark. 322; *Stull* v. *Graham,* 60 Ark. 461; *Lambert* v. *Tucker,* 83 Ark. 416.

The widow likewise is entitled to the homestead, not as dower in the estate of the decedent, but in addition thereto. Section 2706, Kirby's Digest; *Horton* v. *Hilliard,* 58 Ark. 301; Ex parte *Grooms, supra;* 40 Cyc. 1968.

The statutes only provide that in cases where provision is made by will for the widow in lieu of dower, that she shall have her election to accept the same or be endowed of the lands and personal property of which her husband died seized and there is no prohibition or inti-

mation thereof that she shall not in case of such election to take under the law and renunciation of the devise or bequest under the will, be entitled also to the provisions made for widows under said sections 3, 72 and 74 of the Digest, and the homestead law.

The devise herein was of the homestead to the widow for life and since the disposition was to her of the same estate or interest under the will as the law gives the widow therein, it relieves the court of the necessity of passing upon the question whether or not a husband can dispose of his homestead by will so as to affect the rights of the widow thereto under the homestead law. When the widow elects not to take under the will, but under the law, without regard thereto, she takes as though no will had been executed, and the husband had died intestate, and is accordingly entitled to dower, homestead and the other allowances as provided in said sections of the Digest. *Bell* v. *Altheimer,* 99 Ark. 529. When there is sufficient money on hand as in this instance, there is no reason why the widow can not take the special allowances provided in sections 3 and 72 in money, instead of other personal property, as it will not be a taking from any one class of property in order to make up the deficiency created in another by reason of her selection therefrom. Ex parte *Grooms, supra.*

The judgment is affirmed.