SECURITY MORTGAGE COMPANY v. MEEKS.

Opinion delivered March 5, 1928.

DRAINS—NOTICE TO SUPPOSED OWNER.—In a proceeding by constructive service to enforce the benefit assessment of a drainage district, under Acts 1927, p. 417, notice naming the original owner of the land, who had legal title and right of possession, and was believed by the commissioners of the drainage district to be the "supposed owner," as the "supposed owner," rather than a commissioner appointed to make a sale on a mortgage foreclosure, *held* sufficient.

Appeal from Clark Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*Gustavus G. Pope,* for appellant.

*Joseph Callaway,* for appellee.

HUMPHREYS, J.    Appellant brought this suit in the chancery court of Clark County to foreclose a mortgage lien on a certain one hundred acre tract of land in said county against the mortgagors, James and Lula Bell, and to redeem said land from a foreclosure sale for benefit assessments due the Ross Drainage District from appellee, O. O. Meeks, who purchased the land from the grantee, John F. Bevill, of said Ross Drainage District, after it purchased and obtained a deed to the land at its tax or benefit assessment sale.

In addition to setting out appellant's note and mortgage, and the failure of the Bells to pay the indebtedness, and a prayer for foreclosure, it was alleged in the complaint that the sale by the Ross Drainage District for the delinquent assessments of 1921 was void, because the notice named James Bell as the supposed owner, whereas, at the time of the institution of the foreclosure suit of the Ross Drainage District, a second mortgage, which the Bells had given to the Saunders Mercantile Company and the Citizens' National Bank, had been foreclosed, and the land ordered sold by Fred Dillard, who was appointed commissioner to make the sale. In other words, it was alleged that, by virtue of his appointment, Fred Dillard, as commissioner, should have been named as the supposed owner in the notice given by the Ross

Drainage District in the enforcement of its lien for delinquent assessments.

Appellee filed an answer, claiming ownership to the land by virtue of mesne conveyances from the Ross Drainage District, who purchased the land at its foreclosure sale for delinquent assessments of 1921, and denying the alleged invalidity of its tax or assessment sale.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree upholding the validity of the tax or benefit assessment sale of the Ross Drainage District and a dismissal of appellant's complaint for the want of equity, from which is this appeal.

The facts contained in the record are undisputed. On February 20, 1919, James Bell, jointly with his wife, executed a mortgage on said land to secure an indebtedness James Bell owed appellant, amounting to $2,000. Thereafter they executed a second mortgage on said lands to the Saunders Mercantile Company and the Citizens' National Bank to secure money Bell borrowed from them. Suit was brought in said court to foreclose the second mortgage, subject to appellants' mortgage, appellant being made a party thereto, and a decree of foreclosure was rendered and entered on June 8, 1922, in which James and Lula Bell were given until the first day of October, 1922, to pay the debt to the Citizens' National Bank and Saunders Mercantile Company. James and Lula Bell remained in possession of the lands during the entire year of 1922. They did not live upon it, but cultivated it and kept it until they gathered their crop. On June 17, 1922, the Ross Drainage District brought its suit to foreclose its lien for delinquent assessments for 1921, in accordance with the special act No. 92 of the Acts of the General Assembly of 1917 creating the district. The proceeding was *quasi in rem,* and named James Bell as the supposed owner of the land. The act required that the supposed owner of the land be named in the notice to sell same in the foreclosure proceeding to enforce a

lien for delinquent assessments. A decree was rendered in that case on October 3, 1922, ordering that the lands in the Ross Drainage District upon which the delinquent assessments of 1921 had not been paid should be sold by Fred Dillard as commissioner. The district purchased the land at the sale, and the court subsequently confirmed the commissioner's sale and ordered that he make a deed to the Ross Drainage District, which he did. The drainage district then sold the land to John F. Bevill, and Bevill afterwards sold it to appellee, O. O. Meeks.

Appellant contends for a reversal of the decree dismissing its complaint because the lands were sold by the Ross Drainage District in a proceeding enforcing its claim for delinquent assessments of 1921 upon constructive service, in which James Bell was named as the supposed owner thereof, instead of naming Fred Dillard as the supposed owner, who was appointed by the court to sell the land in the foreclosure decree rendered on the 8th day of June, 1922, in favor of the Citizens' National Bank and the Saunders Mercantile Company against James and Lula Bell. It is argued that the legal title to the land was placed in the commissioner by the decree of June 8, 1922, in trust for the future purchaser, and that he was the supposed owner on June 17, when the drainage district brought this suit to foreclose its claim for delinquent assessments of 1921. The decree of June 8, 1922, did not attempt to transfer the title in the land out of Bell and place it in the commissioner. It simply ordered a sale of the land to satisfy the lien in favor of the Saunders Mercantile Company and the Citizens' National Bank, if Bell did not pay the debt on or before October 1, 1922. Bell was left in possession of the land, and was in possession thereof, with a right to remain there and pay the debt, at the time the drainage district brought its suit. There is nothing in the record to indicate that the commissioners of the Ross Drainage District believed, or had reason to believe, that Bell was not the supposed owner. They had every reason to believe that he was the supposed owner, as he was the original owner

and still in possession of the land at the time it instituted the suit to collect the delinquent assessments. We think the rule announced in the case of *Simpson* v. *Reinman,* 146 Ark. 428, 227 S. W. 15, and in the *Security Mortgage Co.* v. *Herron,* 174 Ark. 698, 296 S. W. 363, delivered July 4, 1927, rules the issue involved here. The notice met the requirements of the statute under which the district was created, according to the rule announced in both those cases.

No error appearing, the decree is affirmed.