CHAMBLESS *v.* GENTRY.

Opinion delivered December 3, 1928.

*O. A. Graves,* for appellant.

*Wm. S. Atkins,* for appellee.

MEHAFFY, J. U. A. Gentry, as executor of the estate of J. E. Chambless, deceased, brought this suit against Ida Chambless, widow of J. E. Chambless, deceased, alleging that J. E. Chambless died on the 25th day of May, 1926, leaving surviving him his widow, Mrs. Ida Chambless, and no children or direct descendants.

The will of J. E. Chambless, omitting the formal parts, is as follows:

"(1) I direct that all of my just debts shall be paid. (2) I give and devise to my wife, Ida Chambless, my homestead, legally described as the west half of the east half (W½E½) of the northeast quarter of the northwest quarter (NE¼NW¼) of section thirty-four (34), township twelve (12) south, range twenty-four (24) west, Hempstead County, Arkansas, with all household goods and personal property of every description and kind or used in connection with said homestead, and all moneys, credits and effects belonging to me that may be on deposit or otherwise in the possession of the First National Bank of Hope, Arkansas. (3) The devise first above mentioned to my wife shall not be in lieu of her dower right, but in addition thereto, and I therefore direct that all the rest and residue of my property, whether real, personal or mixed, shall be divided, one-half to my widow, and, having no children or their descendants, the other one-half to be distributed to my collateral heirs, in accordance with the laws of descent and distribution of the State of Arkansas. (4) If any person entitled to share in my estate at my decease, should be indebted to the estate, it is my will that said sum be deducted from the share that he, or she, would inherit, so that all of my heirs would be treated the same. (5) I appoint and constitute U. A. Gentry sole executor of this my will, and direct that no bond shall be required of him, and that no other action shall be had in the county or probate court

in relation to the settlement of said estate than the probating and recording of this my will, and the return of an inventory, appraisement and list of claims of said estate."

The only question in the case is whether the widow, who is the appellant, was entitled to one-half of the property other than that specifically given to her after paying the debts, or whether she was entitled to one-half of said property free from debts. The chancellor held that she was entitled to the property mentioned in paragraph two of the will, and that she was entitled to one-half of the residue of the property after deducting the debts. Paragraph two gives to the appellant the homestead, describing it, with all household goods and personal property of every description and kind or used in connection with said homestead, and all moneys, credits and effects belonging to the testator that may be on deposit or otherwise in the possession of the First National Bank of Hope, Arkansas. About this paragraph of the will there is no controversy. It is conceded that she takes this property.

In construing a will, it is always the object of the courts to ascertain the intention of the testator, as expressed in the instrument. And the first and most general rule of construction is that the intention which the will itself, either expressly or by implication, declares, shall prevail and be given effect.

"The will therefore, and meaning of the testator, ought before all things to be sought for diligently, and, being found, ought to be observed faithfully. And as to the sacred anchor ought the judge to cleave unto it, pondering not the words but the meaning of the testator. For, although no man be presumed to think otherwise than he speaketh, yet cannot every man utter all that he thinketh, and therefore are his words subject to his meaning. And as the mind is before the voice (for we conceive before we speak), so is it of greater power; for the voice is to the mind as the servant is to the lord." Sizer's Pritchard, Law of Wills and Executors, 2 ed., § 384.

"The cardinal rule in construing a will is to ascertain and declare the intention of the testator. That intention is to be gained from reading the entire will and construing it so as to give effect to every clause and provision therein, if this can be done." *Kelly* v. *Kelly,* 176 Ark. 548, 3 S. W. (2d) 305.

Again, this court said: "The purpose of all rules for the construction of wills is to ascertain and effectuate the intention of the testator; but these rules are ordinarily resorted to only where there are ambiguous, inconsistent or repugnant clauses." *Cavanaugh* v. *Madden,* 175 Ark. 236, 209 S. W. 1; *Hughes* v. *Strickland,* 174 Ark. 554, 295 S. W. 722; *Hollowoa* v. *Buck,* 174 Ark. 497, 296 S. W. 74.

It will be seen that, under our own decisions, as well as under the general law, the object of the courts is to ascertain the intention of the testator.

The third paragraph of the will is the provision about which there is a dispute, and it is this paragraph that the court is asked to construe. This paragraph provides:

"The devise first above mentioned to my wife shall not be in lieu of her dower right, but in addition thereto, and I therefore direct that all the rest and residue of my property, whether real, personal or mixed, shall be divided one-half to my widow, and, having no children or their descendants, the other one-half to be distributed to my collateral heirs in accordance with the laws of descent and distribution of the State of Arkansas."

It is expressly stated that the property given above is not in lieu of dower, but that it is in addition thereto. The testator then directs that all the rest and residue of his property shall be divided, etc. In other words, we think that the testator necessarily meant that she should have the property described in paragraph two of the will, and that she was entitled to dower in the rest of his property.

Under the provisions of § 3536 of Crawford & Moses' Digest the widow is entitled, as dower, to one-half of the entire estate of the deceased as against collateral heirs.

Section 3538 of Crawford & Moses' Digest provides that, if a husband devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken in lieu of dower out of such estate of deceased's husband, unless such testator shall in his will declare otherwise.

In this case the testator declared otherwise; declared that this was not in lieu of dower. If there had been no will, she would have been entitled to dower, which, in this instance, would be one-half of the entire estate, and she would also be entitled to the homestead and other allowances provided in the statute.

This court has said: "When the widow elects not to take under the will, but under the law, without regard thereto, she takes as though no will had been executed and the husband had died intestate, and is accordingly entitled to dower, homestead, and the other allowances as provided in said sections of the Digest." *Jameson* v. *Jameson,* 117 Ark. 142, 173 S. W. 851; *Bell* v. *Altheimer,* 99 Ark. 527, 138 S. W. 993.

In the instant case the widow took under the will, but the property bequeathed to her in paragraph two was not in lieu of dower, and was evidently not intended in any way to diminish her dower rights. We think therefore that she took a dower interest in the residue after taking the specific property bequeathed to her in paragraph two. This was, we think, the intention of the testator.

If a testator makes two or more gifts to a person, the question frequently arises whether the second gift is intended to be instead of the first gift or in addition thereto. But in the instant case we have the clear, positive statement of the testator that it was not to be in lieu of, but the property bequeathed in paragraph two was in addition to, dower. If property is given in lieu of dower, this simply means an offer to the widow to accept the property under the will or to take dower. She may do either. But, where a testator makes a specific gift and expressly states that it is not in lieu of but in

addition to dower, unless there are expressions in the will that indicate the contrary, it will be presumed that the testator intended that the widow should have dower in the residue of the property. But it is said that, since there was a provision in the will for the payment of the debts, it was the intention of the testator to provide for the payment of the debts out of the residue and give the widow one-half after the payment of the debts. This, however, is in conflict with the idea expressed in the statute, that, as against collateral heirs, the widow is entitled to one-half of the property, and that the debts must be paid out of that portion of the property bequeathed to collateral heirs.

It is insisted by appellees, however, that the only construction that can be placed on the will and giving any force to paragraph one is the construction placed on the will by the chancellor. Paragraph one provided for the payment of all just debts. There is no conflict between that clause and paragraph three of the will as herein construed. Of course, if there were not sufficient property to pay the debts without taking a portion of her one-half, the creditors would be permitted to resort to that property. But, if the testator had simply provided that the widow should take under the statute of descent and distribution, that is, take what she was entitled to under the law, the fact that the first paragraph provided for the payment of debts would not affect her interest in any way. In other words, she would take one-half of the property freed from the debts if there was sufficient other property to pay the debts. She would take one-half of the entire property as against collateral heirs.

"Over and over again we have said that the rule in the construction of wills is to give effect to what appears to be the intention of the testator, in view of all other provisions of the will." *Cook* v. *Worthington,* 116 Ark. 328, 173 S. W. 395. See *Campbell* v. *Campbell,* 13 Ark. 513; *Cockrill* v. *Armstrong,* 31 Ark. 580; *Bloom* v. *Strauss,* 73 Ark. 58, 84 S. W. 511; *Parker* v. *Wilson,* 98 Ark. 561, 136 S. W. 981; *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W.

524; *Galloway* v. *Darby*, 105 Ark. 558, 151 S. W. 1014, 44 L. R. A. (N. S.) 782, Ann. Cas. 1914D, 712; *Webb* v. *Webb*, 111 Ark. 54, 163 S. W. 1167.

It has been said that, if a gift is made to the testator's wife for the interest which the law had given her, and, in addition thereto, a given house for a limited time, the latter gift is cumulative to the first. In this instance the testator evidently intended to give the widow one-half of all his property other than that mentioned in paragraph two of the will, and to give her this in addition thereto, because he expressly states that the property specified in paragraph two is in addition to dower. And it makes no difference whether he gave her dower first and then the specific gift, or gave it as he did in this will. There is no conflict between any of the clauses of the will, and our conclusion is that, when the will is construed as a whole, it was the intention of the testator to give the widow dower in all his property, except that mentioned in paragraph two, and to give her that property in addition to dower.

Testator cannot deprive his creditors of property out of which they may enforce payment of their debts by disposing of it by will in a manner inconsistent with the rights of the creditors. But it is said that there is a conflict of authority where the question is presented where the testator has bequeathed property to his wife in lieu of her dower, and she has elected to accept such provision. It is not important in this case as to creditors, but the intention of the testator is important as between the widow and the collateral heirs. The testator meant that his debts should be paid. He had a right to determine the property that should be used to pay his debts, as long as he set aside enough property for the purpose of paying the debts.

In this case the appellant is the widow. The other beneficiaries are collateral heirs, and the question to be determined is, did the testator intend to give the widow one-half of the property and that the debts should be paid out of the one-half that went to the collateral heirs, or

did he intend that the debts should be paid out of the entire residue of the property and the wife then take one-half?

The fact that the widow was entitled to one-half of the entire property as dower as against collateral heirs, and the fact that the testator expressly stated that the property mentioned in paragraph two was in addition to dower and not in lieu thereof, evidences an intention to give the widow the property free from debts and that the debts and expenses of administration should be paid out of that portion of the estate that goes to the collateral heirs. This is the most natural and reasonable thing for him to do, and, as gathered from the entire will, we think his intention was to give the widow her dower free from the debts.

The decree is therefore reversed, and remanded with directions to enter a decree in accordance with this opinion.

HART, C. J., (dissenting). I think that the majority opinion construes the will contrary to the expressed intention of the testator. In § 3 of the will he had in mind to leave his property in accordance with the provisions of § 3536 of Crawford & Moses' Digest, relating to dower where there are no children, and in addition to give his widow the homestead in fee instead of for life, and to give her absolutely his household goods and personal property used in connection with the house, and all his moneys in bank, absolutely, under the provisions of § 2 of the will, instead of a dower interest therein under the law.

McHANEY, J., concurs in dissent.