DE QUEEN *v.* FENTON.

Opinion delivered October 30, 1911.

1.  STATUTES—IMPLIED REPEAL.—Where two legislative acts relating to the same subject are necessarily repugnant to or in conflict with each other, the later act controls, and, to the extent of such repugnancy or conflict, repeals the earlier act, whether expressly so declared or not. (Page 507.)

2.  MUNICIPAL CORPORATIONS—POWER TO PREVENT RUNNING AT LARGE OF ANIMALS.—The acts of April 17, 1899, and May 20, 1901, impowering municipalities to prevent the running at large within their limits of the animals therein named, impliedly repealed section 2 of act of April 20, 1895, providing that it shall be unlawful to impound such animals when known to be the property of some person residing outside of the city limits. (Page 508.)

3.  SAME—STOCK RUNNING AT LARGE—LIABILITY.—One who resides outside a municipality is guilty of an infraction of an ordinance against permitting or allowing his stock to run at large within the city limits if the stock are driven by him within the municipal limits or if they run at large therein with his knowledge. (Page 509.)

Appeal from Sevier Circuit Court; *Jeff T. Cowling,* Judge; reversed.

*Abe Collins,* for appellant.

1. Appellant, by permitting his cow to run at large within the city, committed an offense within the city, notwithstanding he resided without the city limits. The gist of the offense consists in his knowingly permitting the cow to run at large within the city, and the cause of her being there and the manner in which she got there is immaterial. 134 S. W. 890.

2. Section 2 of the act approved April 20, 1895, Acts 1895, p. 201, is repugnant to and inconsistent with the evident purpose and intent of the Legislature in the later acts passed, and was repealed by them. Acts 1899, p. 325, Kirby's Dig., § 5452; act May 23, 1901, Kirby's Dig., § 5450.

*Otis T. Wingo,* for appellee.

Section 2 of the act of April 20, 1895, has not been repealed. 76 Ark. 446. But, even if it was repealed, the city would have no authority to impose upon appellant the burden of confining his cattle, and keeping them off of the free range lest they might of their own accord stray into the city; nor would it have authority to punish him because of his cattle being found at large within its limits, unless he had driven them, or done some act to induce them to go, into the city limits. 73 Ark, 428; 77 Ark. 248.

FRAUENTHAL, J. This is an appeal from a judgment discharging the appellee from a prosecution instituted by the city of De Queen charging him with a violation of one of its ordinances making it a misdemeanor for the owner of any cattle to permit or allow the same to run at large within the limits of said city. The prosecution was begun in the mayor's court of said city, where appellee was fined $10. He appealed to the circuit court, and upon a trial in that court the jury was instructed to return a verdict in his favor, which it did.

It appears from the testimony that the appellee resides outside of the limits of the city of De Queen, and his premises lie just across the street which forms a boundary of said city. The poundmaster found six cows belonging to the appellee running at large within the limits of said city, and thereupon served written notice upon him, stating that his said cows were running at large in said city, and requesting him to drive

them out. The appellee paid no attention to the notice, and did not take any steps towards removing said cattle from the city; and upon the following day the poundmaster drove them out himself. Prosecution was instituted under an ordinance of said city which was passed in pursuance of section 5450 of Kirby's Digest. The ordinance is as follows: "It is hereby made a misdemeanor for the owner of any cattle to permit or allow the same to run at large within the limits of said city of De Queen, Arkansas, and upon conviction thereof such person shall be fined in any sum not to exceed $25."

The validity of this ordinance is not assailed, but it is contended that appellee is not amenable to its provisions because (1) he resides outside of the limits of the city, and (2) because he did not commit any offense within the city, for the reason that he did not drive or turn his cattle loose therein.

In 1875 the Legislature passed a general act for the "incorporation, organization and government" of municipal corporations; and by one of the provisions thereof power was granted to municipalities to restrain and regulate the running at large of certain stock within their limits, and authorizing them to provide for impounding same. (Acts of 1875, p. 9). Subsequently, the Legislature passed an act, which was approved April 20, 1895, the first section of which provides for a method of procedure to be followed by the officers of municipalities when impounding stock. The second section provides: "It shall be unlawful for any person or officer in any city or incorporated town to take charge of or impound any animal or animals of the kind mentioned in this act, known by such person or officer to be the property of some person residing outside of the limits of said town or city, but it shall be the duty of the proper officer or officers in said town or city to drive or remove such animals as may be found running at large in said town or city contrary to the ordinances of said incorporated town or city beyond the limits of said incorporated town or city." The act also prescribed a penalty against any such officer for violating the provisions of said section. (Acts 1895, p. 201.)

In 1899 the Legislature passed an act entitled, "An act to authorize cities of the first and second class to prevent and restrain the running at large of stock within their corporate

limits, and providing for the impounding of the same," which
was approved April 17, 1899. By the first section of this act
it was provided that cities of the first and second class were
authorized and impowered to prevent the running at large
within their corporate limits of certain named animals, in-
cluding cattle, and they were also authorized and impowered to
restrain and impound same. Section 2 of said act provided:
"If the poundmaster, his agent or employee, or any employee
of any such city, shall drive or toll any of the stock heretofore
enumerated from without the city limits into the city, he or
they shall be deemed guilty of a misdemeanor, and upon
conviction thereof shall be fined in any sum not less than $5
nor more than $25." By section 3 of said act it was provided
that all laws and parts of laws in conflict therewith should be
repealed. (Acts of 1899, p. 198).

In 1901 the Legislature passed an act, which was approved
May 23, 1901, amending said act of April 17, 1899, by adding
incorporated towns to the municipalities therein named. This
act is now section 5450 of Kirby's Digest.

It is contended by counsel for appellee that said section 2
of the act of April 20, 1895, is in force and effect; that by virtue
thereof the animals named in the above ordinance, belonging
to persons residing outside of the limits of municipalities, could
not be impounded by the officers thereof, but should be driven
out of said city by them. It is urged by counsel for appellant
that said section of said act was repealed by said act of April
17, 1899.

It is well settled that the Legislature of this State may
repeal acts or sections of acts by implication as well as by
express provision, there being no constitutional prohibition
contrary thereto. While it is true that the repeal of statutes
by implication is not favored, yet if such legislative intention
is plain and manifest, the legislative will indicated negatively
is as binding upon the courts as it would be if so affirmatively
declared. Where two legislative acts relating to the same sub-
ject are necessarily repugnant to or in conflict with each other,
the one last passed must control, and, to the extent of such re-
pugnancy or conflict, it operates as a repeal of the first act,
whether it is so expressly declared or not in the latter act.
*Coates* v. *Hill*, 41 Ark. 149; *Welch Stave & Merc. Co.* v. *Steven-*

*son*, 92 Ark. 266; *Chicago, R. I. & Pac. Ry. Co.* v. *McIlroy*, 92 Ark. 600.

In the case of *Benton* v. *Willis*, 76 Ark. 443, it was held that said act of May 23, 1901, which is amendatory of said act of April 17, 1899, did not repeal section 1 of said act of April 20, 1895, for the reason that it does not expressly repeal the same, and is not necessarily repugnant thereto. It was there held that the two statutes presented a complete system for impounding the animals therein named. "The last statute confers the power of impounding, and said section 1 limits and prescribes the exact manner of its exercise." But in that case it was not decided whether or not section 2 of said act of April 20, 1895, was thereby repealed.

We are of the opinion that the provisions of the act of May 23, 1901, as well as those of said act of April 17, 1899, are necessarily in conflict with said section 2 of the act of April 20, 1895, and are repugnant thereto. The acts of April 17, 1899, and May 23, 1901, expressly authorize and impower municipalities to prevent the running at large within their limits of the animals therein named, without any exception. They further provide that the municipalities are impowered and authorized to restrain and impound any such animals found running at large within their limits, without any exception. By section 2 of said act of April 20, 1895, however, it is provided that it shall be unlawful for the officers of municipalities to impound any such animals when they are known to be the property of some person residing outside of the city limits, and therein it is also provided that, instead of impounding the animals, such officer is required to drive them out of the city. The later statutes provide for impounding all animals therein named, without exception, whether owned by residents or non-residents of the city; while section 2 of the act of April 20, 1895, expressly forbids impounding such animals belonging to non-residents of the city. The provisions of section 2, of said act of 1895 and of the later statutes necessarily conflict, and are repugnant. In addition to this, by section 2 of the act of April 17, 1899, penalties are prescribed against officers of municipalities for driving or tolling stock without the city limits into the city. If by the law such officers are also required to drive such stock out of the city, as provided by section 2 of said act of

1895, it would seem that it was not only unnecessary but absurd to provide for penalizing such officers for driving them within the limits of the city. For what motive could there be for the poundmaster to drive the cattle into the city from without its limits, when by the law he is required to immediately drive them out?

After the passage of these later acts, the officer was not required to drive the animals out of the city, but was authorized to restrain and impound them. On this account, it was provided in these latter statutes that he should be punished if he drove or tolled any such animals from without the city into its limits. The provisions of section 2 of the act of April 20, 1895, being in conflict with section 2 of the act of April 17, 1899, and, being repugnant to the other provisions of these later acts, were repealed thereby.

It is urged that the city council has no authority to impose the duty upon a nonresident thereof to keep his stock out of the city, and can not penalize such nonresident if his cattle stray into the city limits. Reliance for this contention is placed upon the cases of *Beattie* v. *State*, 73 Ark. 428 and 77 Ark. 248. Those latter cases, however, relate exclusively to an owner who was a resident of the State of Missouri, and who turned his cattle at large in that State. In those cases it was only held that the Legislature of Arkansas has no power to punish the resident of another State for a lawful act done in that State; and that the Legislature could not exercise jurisdiction that was extraterritorial. But the Legislature has power to enact laws affecting residents of this State, whether they reside within or without the limits of municipalities. It may regulate the running at large of stock at any place within the State, whether such stock is within or outside of the limits of municipalities. The Legislature has impowered and authorized municipalities to prevent the running at large of certain named animals within their corporate limits, and this power relates to all such animals, whether the owners thereof reside inside or outside of the city limits. When such ordinances are passed by municipalities in pursuance of such legislative enactment, a violation thereof consists in the act of permitting or allowing the stock therein named to run at large within the corporate limits. If the owner of such animals permits or

allows the same to run at large within the limits of such municipalities, he is amenable to the law and guilty of a violation of such ordinance, whether he resides within or without the city limits.

Before, however, one who resides outside the municipality can be guilty of an infraction of such ordinance, it must be shown that he knew that his stock was running at large within the limits of the corporation, and that after such knowledge he did permit or allow the same to run at large therein; for an owner residing outside of the limits of a municipality has the right to allow his stock to run at large in the county; and if he does such lawful act, and his stock, without his knowledge, strays within the corporate limits, he can not be deemed as violating the provisions of the ordinance making it an offense to permit or allow stock to run at large within the limits of the municipality. But if such animals of said owner are driven by him within the limits of such municipality, or if they stray therein and run at large within such corporate limits with his knowledge, then he does permit and allow the same, and becomes amenable to the provisions of such ordinance. *Tutt* v. *Greenville* (Ky.) 134 S. W. 890.

The court therefore erred in directing the jury to return a verdict in favor of appellee. The judgment is reversed, and the cause remanded for a new trial.