MILWEE *v.* BOARD OF DIRECTORS OF HORATIO SCHOOL DISTRICT.

## Opinion delivered October 7, 1912.

1. STATUTES—IMPLIED REPEAL.—Where the Legislature takes up the whole subject of a former statute, and covers the entire ground thereof, and evidently intends it to be a substitute for it, the prior act will be repealed, though there may be no express words to that effect, and though there may be in the old act provisions not embraced in the new. (Page 79.)

2. SCHOOL DISTRICTS—POWER TO BORROW MONEY—REPEAL OF STATUTE.— Act of May 6, 1905, authorizing school districts to borrow money, repealed the prior act of March 17, 1903, on the same subject. (Page 80.)

3. SAME—CONVEYANCE BY—VALIDITY.—A mortgage executed by a majority of the directors of a school district pursuant to a resolution adopted by the board of directors is as binding as if it had been executed by the president and secretary of the board. (Page 81.)

Appeal from Sevier Chancery Court, *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit was instituted by W. W. Milwee, and others, to enjoin the school board and the members thereof of the Horatio Special School District of the town of Horatio from borrowing money for the erection of a school building in the town and executing a mortgage to secure the payment thereof.

The chancellor found that the board of directors had duly adopted the resolutions authorizing the borrowing of fifteen thousand dollars and the execution of a mortgage as security therefor, and that their action was a proper exercise of their discretion under the facts in the case; that, notwithstanding the question was not submitted to the vote of the electors of the district, the board of directors had authority to borrow the money under Act. No. 248 of the Acts of 1905 without any such vote, and dismissed the bill for want of equity.

*A. D. DuLaney,* for appellants.

1.   Section 4 of act 85, Acts 1903, is not repealed by implication by act 248, Acts 1905.   It is not in irreconcilable conflict with nor repugnant to, any of the provisions of the later act.   Sutherland, Stat. Construction (2 ed.) 465; 92 Ark. 270; 50 Ark. 133.   See also Act 321, Acts 1909, § 3; act 169, Acts 1911, § 8.

2.   The school district can only act through its board of directors acting in its organized capacity, and not its individual members.   The act of the four directors on March 12, in attempting to execute a mortgage on the property, was without authority.   Thompson on Corp. (2 ed.) § 1072.

3.   If the board of directors were impowered to issue the bonds without a previous vote of the electors authorizing same, still, under the proof, they have abused their discretion in this case, and the finding of the chancellor on this point should be set aside.   29 Cyc. 1432;. 35 Cyc. 1050.

*James S. Steel, J. S. Lake* and *James D. Head,* for appellees.

A vote of the electors was not required.   Act 248, Acts 1905, does not purport to amend any former acts; and, since the Legislature necessarily had some purpose in view in its enactment, the conclusion must be reached that it intended by this bill to take up again and fully deal with the question of authority conferred on special school districts in incorporated towns to borrow money.   The act is complete in itself, and on its face appears to be a revision of existing laws pertaining to the subject.   The former act providing for a vote is thereby repealed.   10 Ark. 588-590; 26 Am. & Eng. Enc. of L. (2 ed.), 649, 720, 731, 734, 735; 42 Me. 53; Lewis, Sutherland, Stat. Construction, § § 270, 271; 27 Ark. 421; 31 Ark. 19; 46 Ark. 438; 43 Ark. 425-427.

*Rose, Hemingway, Cantrell & Loughborough,* as *amici curiae.*

The act of 1905 re-enacted the act of 1903 literally, except the fourth section thereof, which is entirely omitted, and is replaced by a concluding section providing that "This act shall take effect and be in force from and after its passage. *All laws and parts of laws in conflict herewith are hereby repealed."*

The later act covers the whole subject-matter of, and is evidently intended as a substitute for, the former act.

The section providing for a vote of the electors is repealed by the later act.  10 Ark. 589; 65 Ark. 508; 72 Ark. 8; 27 Ark. 419; 70 Ark. 27; 76 Ark. 34; 80 Ark. 411; 82 Ark. 305; 80 Ark. 411; 88 Ark. 324; 92 Ark. 79; 78 Ark. 118.

KIRBY, J. (after stating the facts).  It is contended for the reversal of the judgment:

First:  That the directors of the Special School District of the town of Horatio were without power to borrow money and mortgage the property of the district to secure the payment thereof for the erection of a school building unless first authorized to do so by a majority vote of the electors of the district;

Second:  That a valid mortgage could not be executed by the board, except through its president and secretary; and,

Third:  That the board of directors abused their discretion in attempting to borrow the money for the erection of the school building which the necessities of the district did not require.

The act of March 17, 1903, sections 7696-7699, of Kirby's Digest, authorized and impowered all special free school districts in the State to borrow money to secure funds for the erection and equipment of necessary school buildings and to mortgage the real property of the district as security therefor, but such authority could not be exercised until a majority of the electors of the district at an annual school election, at which the question was submitted, first voted in favor thereof.

The Legislature at the 1905 session, by act No. 248, of May 6, 1905, re-enacted the first three sections of said act of 1903, leaving off section 4 thereof (section 7699, Kirby's Digest), which required the submission of the question of borrowing money to the electors of the district at an annual school election and a majority vote in favor thereof before it could be done. This act expressly repeals all laws in conflict and exempts Jefferson County from its provisions.  Does it repeal, by implication, said omitted section?

"Where the Legislature takes up the whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intends it to be a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act

provisions not embraced in the new." *Lawyer* v. *Carpenter,* 80 Ark. 411; *Western Union Tel. Co.* v. *State,* 82 Ark. 305; *Pulaski County* v. *Downer,* 10 Ark. 588; *Clarendon* v. *Walker,* 72 Ark. 8; *Davies* v. *Holland,* 43 Ark. 425; *Wilson* v. *Massie,* 70 Ark. 27; *St. Louis & S. F. Rd. Co.* v. *Bowman,* 76 Ark. 34; *Campbell* v. *Samples,* 92 Ark. 79. In *United States* v. *Claflin,* 97 U. S. 546, the court said:

"It is a familiar rule that when a later statute is exclusive, that is, where it covers the whole subject-matter to which it relates, it will be held to repeal by implication all prior statutes on that matter, whether they are general or special."

In *Hampton* v. *Hickey,* 88 Ark. 324, this court held that a special act of the Legislature authorizing a special school district to borrow a certain amount of money was repealed by said general act of 1905, authorizing and impowering all special school districts to borrow money for the purpose of the erection of necessary school buildings" under such conditions and regulations as to time, amount, rate of interest and manner of payment as the board of school directors of said school district shall prescribe.

It is true the question here presented was not directly passed upon in said case, but the whole subject was taken up by the Legislature anew, and the latter act covers the entire ground of the former statute, except the provision requiring the majority vote of the electors before the power could be exercised, omitted therefrom, and was evidently intended as a substitute for the former statute, and said omitted section was thereby impliedly repealed.

It follows that the board was authorized to borrow money without the submission of the question to the electors of the district.

The board of directors, on March 11, 1912, first passed a resolution, authorizing the borrowing of the money and the execution of the mortgage, directing that the mortgage be executed by the president and secretary thereof. Later, at a meeting at which all of the members were present, it amended said resolution by providing that a majority of the members of the board of directors should sign it, and the court below found that on the 12th day of March, 1912, a majority of the board of directors, naming them, executed and acknowledged

a mortgage or deed of trust in conformity with the form of the mortgage set out in the resolution adopted by the board on March 11, 1912, authorizing the borrowing of the money, and that at a called meeting of the board of directors on April 6, 1912, at which all the members of the board of directors were present, the resolution authorizing the borrowing of the money was amended to allow a majority of the members of the board to execute the mortgage and sign and issue the bonds and ratifying the acts of the said majority of the members of the board in the execution thereof.

It is true that, under the law, the board of directors of special school districts of cities and towns are required annually to elect a president and secretary from their number, who shall draw all warrants on the treasury in pursuance to the orders made by the board, who shall, in case of the sale or exchange of the real estate of the district, execute deeds therefor, upon a majority vote of the board authorizing and directing it; and also this act prescribes that the mortgage and evidences of indebtedness "shall be in form in all respects as other instruments of like kind are required by law to be and shall have the same force and effect as they would if executed by natural persons." This language, however, has reference directly to the contents and binding effect of the instrument, rather than to the formal signing thereof. The board of directors, having the power in the first instance to borrow the money and execute the mortgage, duly adopted a resolution directing that it be done, and it could bind the district equally by ratification of its acts done in relation thereto. Said resolution, authorizing the borrowing of the money and directing the execution of the mortgage and evidences of indebtedness by the president and secretary of the board, left no discretion to said officers in the matter. They had no right to refuse to obey the board's directions and could have been compelled to execute the instruments in accordance with the resolution. Instead of this being done, the board duly amended the resolution and authorized the mortgage to be executed by a majority of the members thereof, which was done, and expressly ratified such signing, thereby as effectually binding the district as if the instruments had been signed by the president and secretary under its first directions.

Equity regards that as done which should have been done, and the electors of the district will not be heard in a court of equity to enjoin the board of directors from borrowing the money and the execution of the evidences of indebtedness and the mortgage as security, for the irregularity in the signing thereof, since they could not have interfered with nor prevented the board's action, had it been carried out by the president and secretary, in obedience to the expressed will of the board, and the court did not err in dismissing their petition for want of equity.

It is questionable from the transcript whether all the evidence before the court below is included here; and if it is not, it would result in an affirmance; but, if it is, we can not say that the chancellor's finding that there was no abuse of the discretion of the board of directors in determining the necessity for the school building and the borrowing of the money for its erection was against the preponderance of the evidence, and the decree is affirmed.