BOAZ *v.* COATES.

Opinion delivered July 13, 1914.

1.  STATUTES—IMPLIED REPEAL.—Act of March 3, 1913, providing for the publication of notices of public improvements does not expressly repeal act of January 30, 1913, which amended Kirby's Digest, § 5685, but being the last expression of the will of the Legislature on the subject, it operates as an implied repeal of those statutes.

2.  MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENT—PUBLICATION OF ORDINANCE.—The act of March 3, 1913, p. 527, providing for the publication of notices relating to local improvement districts, *held*, to govern the publication of an ordinance levying assessments for improvements already constructed.

3.  MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS.— Where the proceedings for the laying of sidewalks by an improvement district in a city were regular up to the publication of the ordinance levying the assessments, the fact that the ordinance was invalid, will not prevent the city council from passing a new ordinance, and publishing it in accordance with the laws then in force.

4.  MUNICIPAL CORPORATIONS—SIDEWALKS—ASSESSMENTS.—The assessment for laying a sidewalk, can not be defeated because the grade had not been established, although the property owners might by injunction have prevented the construction of the improvement.

Appeal from Lawrence Chancery Court, Eastern District; *Geo. T. Humphries,* Chancellor; affirmed.

*John S. Gibson,* for appellants.

1. The ordinance was not properly published according to the Ordinance No. 57. The Legislature never amended the section as to notice. Kirby's Dig. 5688; 110 Ark. 544. The act of 1913 did not legalize or cure acts of officers acting without authority under void ordinances of a city. 59 Ark. 544.

2. Kirby's Dig., § 5672, is mandatory. 97 Ark. 334-340. The objections were made in apt time. *Ib.* 344. It can not be ignored. The statute *requires* a *grade* for the work. See 83 Ark. 340; 68 *Id.* 273; 97 *Id.* 334; 67 *Id.* 30; 104 *Id.* 301; 59 *Id.* 344.

*Cunningham & Blackford,* for appellees.

Kirby's Digest, § § 5677-8-9 and 5680, settle the questions as to assessments, notice, etc. The grade was established as prescribed by law. 97 Ark. 334-340 settles the point conclusively.

McCulloch, C. J. Appellants were the owners of real property in the incorporated town of Hoxie, Arkansas, and this is an action instituted against them by the board of improvement of a district formed for the purpose of constructing sidewalks. The property of appellants is situated within the district and has been assessed, and the purpose of this action is to enforce the payment of the first assessment.

A similar suit between these parties was formerly here on appeal, and we held that the improvement district had been legally formed, but that the ordinance levying the assessments on the property was void on account of not having been published in accordance with the terms of the statute. *Gibson* v. *Incorporated Town of Hoxie,* 110 Ark. 544.

After that decision a new ordinance was passed levying the assessments, and it was published in accordance with the act approved March 3, 1913, which provides that

"where improvement districts are organized in any city or town in which no newspaper is regularly published, all notices required may be published in any newspaper that is published and has a *bona fide* circulation in the county." Act 125 of Acts of 1913, § 5, p. 527.

An earlier statute, approved January 30, 1913, contained a provision that "where no newspaper is published in such town or city, such publication may be made in some newspaper published in the same county and having a circulation in such town." Act 5 of 1913, p. 27.

(1-2) But the act of March 3, 1913, operated as an amendment of the former act, and is the last expression of the lawmakers on that subject. The latter act contains no express amendment or repeal of the act of January 30, 1913, nor of section 5685, which that act amends; but it contains the broad language that "all notices required may be published," etc., in the manner indicated; and that covers all notices necessary in the formation of districts and proceedings thereunder. The new statute in this respect related only to a method of procedure and applied to districts already formed. The act of March 3, 1913, must, therefore, control in the present case.

The fact that the work of the assessors was done prior to the passage of the ordinance which was held invalid in the former case and prior to the passage of the new act referred to herein does not affect the validity of the new ordinance and publication thereunder. The whole proceedings, so far as this record shows, were valid up to the publication of the former ordinance, and it was only the ordinance itself levying the assessment which was invalidated by reason of the failure to publish the same in accordance with the statute. The ordinance was merely void, and it did not affect the power of the city council to pass a new ordinance and cause it to be published in accordance with the statute in force at the time of its passage. It is shown by the affidavit of the editor that there was publication of the present ordinance in accordance with the terms of the new statute.

(3)   The principal contention of appellants for reversal of the cause is that the ordinance was not properly published; but it is also urged that the assessments are not enforceable for the reason that there has been no ordinance of the town establishing the grades of the streets.

That question, however, is ruled by the case of *McDonnell* v. *Improvement District*, 97 Ark. 334.   In that case we said:

"It is time enough for the property owners to complain when the work is about to be done, without reference to the establishment of a grade by the city."

(4)   The property owners have the right to prevent construction of the improvement in violation of law and may seek injunctive relief from the chancery court where the commissioners are about to violate the law on that subject; but the mere fact that the grade has not been established does not afford any defense against the payment of assessments validly laid.

The other questions argued are not of sufficient importance to discuss.

The decree is affirmed.