## HICKEY *v.* STATE.

### Opinion delivered October 26, 1914.

1. STATUTES—ENACTMENT—AMENDMENTS.—Article 5, § 20, Constitution of 1874, providing that "no law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose," *held* to forbid the making of amendments not germane to the subject of legislation expressed in the title of the act.

2. LIQUOR—STATUTE—AMENDMENT.—Act 59, p. 180, Acts 1913, entitled, "An Act to regulate the issuance of liquor license in Arkansas," *held* not to be in violation of art. 5, § 20, of the Constitution of 1874, which provided that no bill shall be so amended in its passage through either house as to change the purpose thereof as expressed in the title of said act.

3. LIQUOR—DEFINITION—"REGULATE."—"To regulate" the issuance of liquor licenses, as used in the title to Act 59, p. 180, Acts 1913, *held*, to mean that the business may be engaged in or carried on subject to established rules or methods, or under conditions prescribed by the statute.

4. STATUTES—CONSTRUCTION—REPUGNANCY.—Where two legislative acts relating to the same subject are necessarily repugnant to, and in conflict with, each other, the later controls, and, to the extent of such repugnancy or conflict, repeals the earlier act whether expressly so declared or not.

5. LIQUOR LICENSE—REPEAL OF FORMER STATUTES.—Act 59, p. 180, Acts 1913, providing for the issuance of liquor licenses is in conflict with and repugnant to prior statutes on the same question, and therefore repeals the same.

6. LIQUOR LICENSE—POWER OF COUNTY COURT.—A county court has no power to issue liquor licenses for the sale of intoxicating liquors, except under the conditions prescribed by Act 59, p. 180, Acts 1913.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*T. S. Osborne,* for appellant.

1. The act is void, because of variance between the subject expressed in the title and the provisions of the act. Art. 5, § 20, Const. 1874; Cooley, Constitutional Lim., 173; 25 Ark. 289; 66 Ark. 575; 13 Lea (Tenn.) 162; 44 Cent. Dig. "Statutes," § 136; 65 Barb. (N. Y.) 473; 1 Idaho, 338; 74 Pac. 962; 7 Words and Phrases, 6041; 51 Pac. 72, 73; 6 Kan. App. 314; 72 Tenn. 1, 13; 67 Pac. 444; 64 Kan. 78; 54 Mo. 17, 33; 14 Am. Rep. 471; 72

Tenn. 1, 13; 19 Pac. 719; 40 Kan. 173; 2 L. R. A. 110; 10 Am. St. Rep. 175; 6 Am. St. Rep. 310; 43 N. J. L. 542; 80 Ala. 89, 96; 41 O. St. 576; 52 Am. Rep. 90; 58 S. W. 1011, 1013; 42 Tex. Cr. Rep. 256; 51 L. R. A. 654; 39 N. J. L. 38, 44; 28 N. W. 101, 103; 61 Mich. 285; 1 Am. St. Rep. 578; 38 N. W. 269, 275; 70 Mich, 396; 41 Ind. 7; 50 Tenn. 165; 27 So. 34; 41 Ark. 485.

2. Section 3 of the act attempts to base the punishment for violations thereof upon a determination of a state of facts without prescribed rule or method. It can not be enforced for that reason and is void. 40 Ark. 290-296; 36 Ark. 178, 184; 68. Ark. 433, 436.

3. The act is unreasonable in that it shows an attempt to make it so embarrassing, burdensome and expensive to put in operation as to cause it to work prohibition rather than "regulation."

4. Section 4 of the act seeks to retain in force "all local option laws," thereby making it lawful for county courts to issue liquor license as provided therein; and the same being in irreconcilable conflict with sections 1 and 2 of this act, said sections are rendered nugatory. 86 Me. 387; 29 Atl. 1101, 1102; 1 Lewis' Southerland on Stat. Con., § 280; 2 *Id.* § 345; 40 Pac. 96; 64 N. W. 365; 2 N. W. 742, 748; 96 Fed. 935; 6 Am. & Eng. Ann. Cases 860-861; 24 N. J. L. 80; 59 N. Y. 53.

The last sentence in section 4 is in violation of and repugnant to article 5, section 23 of the Constitution of 1874 (Section 22 as published in Kirby's Digest). 29 Ark. 252; 49 Ark. 135; 58 Ark. 443-444.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The constitutionality of this act has already been settled by this court in favor of the act. 112 Ark. 342.

There is no merit in the contention that section 4 of the act renders it void. The Legislature properly provided that the act should not repeal section 5131 of Kirby's Digest, nor any local act or local option law, because such would have been its effect if no such language

had been used. It does, by necessary implication, repeal any laws on the same subject as are repugnant to or in conflict with it, to the extent of such repugnancy or conflict, the earlier giving way to the later act. 100 Ark. 504, and cases cited.

Hart, J.    J. E. Hickey was convicted before a justice of the peace of the offense of selling whiskey without a license, and upon appeal to the circuit court, was convicted upon a state of facts as follows: In January, 1914, a petition was filed with the county court asking that license for the sale of intoxicating liquors in the city of Fort Smith, Sebastian County, be issued to them. J. D. Arbuckle and others were made parties to the proceeding. The petition for the issuance of the liquor license was made pursuant to the requirements of Act No. 59, entitled, "An Act to regulate the issuance of liquor license in Arkansas," approved February 17, 1913. See Acts 1913, page 180. On January 20, 1914, the county judge of Sebastian County held that the petition contained a majority of the adult white inhabitants of the city of Fort Smith, and afterwards, on the same day, license was granted to the defendant, Hickey, among others, to sell intoxicating liquors in that city during the remainder of the year. The remonstrants appealed to the circuit court and at the August term, 1914, the circuit court found that the petition did not contain a majority of the adult white inhabitants living within the incorporated limits of the city of Fort Smith and the judgment of the county court was reversed and the petition of the defendants asking that license for the sale of intoxicating liquors be issued to them was dismissed. No appeal was taken from the judgment of the circuit court and its finding and judgment were certified to the county court and there made its judgment. Thereafter the defendant, Hickey, sold three drinks of whiskey to J. K. Jones at his place of business in the city of Fort Smith.

The only contention made by counsel for defendant is that Act No. 59, entitled "An Act to regulate the issuance of liquor license in Arkansas," above referred to,

is unconstitutional. The constitutionality of this act was before us in the case of *McClure* v. *Topf & Wright,* 112 Ark. 342, and it was there held that the act was constitutional. We held, in effect, that the statutory provision that a license to sell intoxicating liquors shall not be granted unless the applicant obtains the recommendation or consent of a majority of the adult white inhabitants of the city where he proposes to carry on business, is a lawful and proper police regulation and is not objectionable on the ground that it violates either the State or Federal Constitution. We said that under the statute now under consideration, the petition was a jurisdictional condition upon which the county court acts when satisfied that it contains the names of the majority of the adult white inhabitants in the city in which the applicant seeks license to sell intoxicating liquors, and held that a statute imposing conditions on the business of retailing intoxicating liquors, though such conditions may be more onerous than those imposed upon another business, and though such conditions may be so burdensome as to render the business unprofitable and on that account amount in its practical results to prohibition, may be sustained because the business of selling intoxicating liquors more seriously affects the health, morals and general welfare of the people than another business.

In the case of *Hanson* v. *Hodges,* 109 Ark. 479, we held that the act in question, with the emergency clause that it "take effect and be in force from and after December 31, 1913," became a law when it was approved by the Governor, although its provisions were not enforceable until after December 31, 1913.

We think the decisions of these two cases are conclusive against the contention of the defendant in this case now before us. But inasmuch as counsel has made other contentions which we did not expressly take up and discuss in these opinions, we shall now briefly consider them.

(1) It is insisted by counsel for the defendant that the act under consideration is in violation of article 5,

section 20, of our Constitution. That section is as follows: "No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose." The object of this section of the Constitution was that the Senate and House of Representatives of the State might not be hampered or embarassed in amending and perfecting their bills and thus be driven to accomplish by a number of bills that which might well be accomplished by one bill, but the purpose of the section was to forbid amendments which should not be germane to the subject of legislation expressed in the title of the act which it purports to amend. *Loftin* v. *Watson,* 32 Ark. 414.

(2-3) From an inspection of the Senate and House journals it will be seen that no amendments were made to the bill now under consideration and the section just quoted has, therefore, no application. Even if an amendment had been made to the bill as originally introduced, we think the body of the act does not embrace new matter not germane to the original purpose of the act. The act is entitled: "An Act to regulate the issuance of liquor license in Arkansas," and from this title one would reasonably expect that the body of the act might cover the entire subject, including the conditions and restrictions upon which the sale of intoxicating liquors would be permitted. To regulate, means that the business may be engaged in or carried on subject to established rules or methods, or under conditions prescribed in the statute.

Section 4 of the act under consideration provides that this act shall not repeal section 5131 of Kirby's Digest of the Statutes of Arkansas, nor any local act or local option law forbidding the sale of intoxicating liquors. But this act shall be cumulative to all laws now in force. Section 5131 of Kirby's Digest is the section that permits the use of wine for sacramental purposes, and the prescribing and furnishing of alcoholic stimulants by physicians to their patients.

(4)  It is contended by counsel for the defendant that by section 4 of the act under consideration our former statutes in regulation of the sale of intoxicating liquors are repealed and other provisions are at the same time re-enacted by the repealing act and that on this account the former provisions continue in operation. Therefore he insists that the provisions of the local option statutes as they existed prior to the passage of the present act are still in force and that because the requirements of those statutes were not complied with by the parties opposing the issuance of the liquor license in the city of Fort Smith, the license granted to the defendant to sell intoxicating liquors in that city during the year 1914 was still in force and that he was not guilty of any violation of the law. We do not agree with him in this contention. It is a cardinal rule of statutory construction that where two legislative acts relating to the same subject are necessarily repugnant to and in conflict with each other, the later act controls, and, to the extent of such repugnance or conflict, repeals the earlier act whether expressly so declared or not. *De Queen* v. *Fenton,* 100 Ark. 504.

Before the passage of the act in question the burden was upon those who opposed the granting of liquor licenses to present a petition to the county court praying that the sale of intoxicating liquors be prohibited, as provided in the statute. Under the present act the burden is upon those who favor the sale of intoxicating liquors to present a petition to the county court asking therefor.

(5-6)  It is manifest that the provisions of this act are in conflict with and repugnant to the terms of the prior act on this question. Therefore, the prior act is repealed and the county court has no power to issue licenses for the sale of intoxicating liquors except under the conditions prescribed by the statute. The circuit court adjudged that these conditions had not been complied with and, no appeal having been taken from that judgment, it became final and conclusive.

It follows that the defendant sold the whiskey to the witness, Jones, in violation of the statute and the judgment convicting him of that offense will be affirmed.