Common School District No. 52 *v.* Rural Special
School District No. 11.

Opinion delivered November 8, 1920.

1.  Schools and school districts—repeal of statute.—Act No. 15 of 1919 covers the entire subject-matter of act No. 321 of 1909, relating to the establishment of rural special school districts, and was intended as a substitute for it, and therefore repeals it.

2.  Schools and school districts—rural special districts.—Under act No. 15 of 1919, rural special school districts can not be formed by dismembering one or more common school districts, but must be formed by embracing such common school districts in their entirety.

3.  Statutes—conflict.—Where there is irreconcilable conflict between two acts, the latest act controls.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Trimble & Trimble* and *Chas. A. Walls,* for appellants.

1.  Act 15, Acts 1919, is in conflict with and repugnant to act 321, Acts 1909, and repeals it.   112 Ark. 437 does not sustain appellees in their contention.   Where the Legislature takes up an old subject anew and covers the entire ground of the subject-matter of a former statute, it is evidently intended as a substitute for and repeals the prior act.   80 Ark. 411; 82 *Id.* 302; 112 *Id.* 440; 92 *Id.* 600; 100 *Id.* 504; 41 *Id.* 149; 92 *Id.* 266.   See, also, 47 Ark. 489; 73 *Id.* 536; 72 *Id.* 8; 76 *Id.* 32; 93 U. S. 266; 170 S. W. 563.

*Dwight L. Savage,* for appellee.

Act 15, Acts 1919, is neither in conflict with nor repugnant to act 321, Acts 1909.   112 Ark. 437 is directly in point.   Repeals by implication are not favored.   112 Ark. 441; 92 *Id.* 600.   The acts are cumulative, and it was

the intention of the Legislature to preserve the act of 1909 and not to repeal it. 170 S. W. 563. 114 Ark. 526 is clearly distinguishable from this. 112 Ark. 441.

WOOD, J. Rural Special School Districts Nos. 11 and 13 were established under act No. 321 of the Acts of 1909, which in part is as follows:

"Section 1. That when the people of any given territory in any county in this State, other than incorporated cities and towns, desire to avail themselves of the benefits of all laws of this State for the regulation of public schools in incorporated cities or towns, they may be organized into and established as a single school district in the manner and with powers therein provided, with such modifications of said laws as are herein provided.

"Section 2. That the petitions provided for in section 7669 of Kirby's Digest of the laws of Arkansas shall be accompanied by a map showing the territory asked to be made into the special district and shall be presented to the county judge of the county containing such territory, who shall perform the duties imposed upon the mayor of cities and towns in said original act, and with like force and effect, and said county judge shall designate the time and place for holding the election provided for therein, and shall appoint three qualified electors of the proposed territory to hold said election."

Act No. 15 of the Acts of 1919 is in part as follows:

"Section 1. When the people of any given territory comprising one or more common school districts in any county in the State, other than incorporated cities and towns, desire to avail themselves of the benefits of all the laws of this State for the regulation of public schools in incorporated cities or towns, they may be organized into and established as a rural special school district in the manner and with the power in said laws provided, with such modifications of said laws as are herein provided.

"Section 2. The petition provided for in section 7669 of Kirby's Digest of the laws of Arkansas shall be ac-

companied by a map or plat showing the territory embraced in the common school district or districts to be included in the proposed rural special school district, and said petition and map shall be presented to the county judge of the county in which such territory is situated, who shall perform the duties imposed upon the mayor of cities and towns in said original act, and with like force and effect, except as otherwise herein provided, and said county judge shall designate the time and place for holding the election provided for therein, and shall appoint three qualified electors residing on said territory to hold said election. Said call shall also provide for the election of six qualified voters residing on said territory to serve as directors of the proposed rural special school district, if same should be created, until the first regular annual school election thereafter.''

Section 3 provides for the election returns to be filed with the county clerk.

Section 4 provides for a canvass of these returns by the county court and an appropriate order by the court declaring the result, describing the boundaries of the district and designating the same as Rural Special School District No. ......

Section 8 provides: ''This act shall not have the effect of repealing any other laws not in conflict herewith, but shall be cumulative.''

There are other sections not necessary to set forth.

Districts Nos. 11 and 13 were established under act No. 321 of the Acts of 1909 out of territory composing parts of a number of common school districts, after the enactment act No. 15 of the Acts of 1919. The requirements of act No. 15 of the Acts of 1919 were not complied with in the establishment of the districts involved. The only issue presented by this appeal is whether or not act No. 15 of the Acts of 1919 repeals the provisions of act No. 321 of the Acts of 1909.

In *Eubanks* v. *Futrell,* 112 Ark. 437-440, we said: ''The law is well established that where the Legislature

takes up an old subject anew and covers the entire ground of the subject-matter of the former statute, and evidently intends a substitute for it, the prior act will be repealed thereby, although there are no express words to that effect, and although there may be in the old act provisions not embraced in the new.''

Act No. 15 of the Acts of 1919 covers the entire subject-matter of act No. 321 of the Acts of 1909 and contains other provisions. It is manifest that act No. 15 of the Acts of 1919 was intended as a substitute for the provisions of act No. 321 of the Acts of 1909. The words, ''comprising one or more common school districts,'' in section 1 of act No. 15 of the Acts of 1919, and the words, ''embraced in the common school district or districts,'' in section 2 of that act are intended as words of restriction or limitation. They prescribe the territory comprising one common school district in its entirety as the least *quantum* of territory that can be embraced in a rural special school district. There is no limitation as to the number of common school districts that may be embraced in a rural special school district under act No. 15 of the Acts of 1919, but there must be at least one. Act No. 321 of the Acts of 1909 contained no such limitation, but under that act common school districts may be consolidated in whole or in part. In other words, common school districts, under act No. 321 of the Acts of 1909, might be dismembered and rural special school districts might be established out of such portions; but under act No. 15 of the Acts of 1919, rural special school districts can not be established out of territory less than that comprising one common school district; and if it is desired to establish a rural special school district embracing more territory than is contained in one common school district, then such rural special district must be established by embracing other common school districts in their entirety. Act No. 15 of the Acts of 1919 provides a different procedure for the establishment of rural special school districts than that contained in act No.

321 of the Acts of 1909. There is an irreconcilable conflict between the two acts, and the last enactment controls. See *Eubanks* v. *Futrell, supra; C., R. I. & P. Ry. Co.* v. *McIlroy,* 92 Ark. 600; *DeQueen* v. *Fenton,* 100 Ark. 504. This necessarily results, although section 8 of the last enactment, act No. 15 of the Acts of 1919, provides that "this act shall not have the effect of repealing any other law not in conflict herewith, but shall be cumulative." *Hickey* v. *State,* 114 Ark. 526.

Since act No. 15 of the Acts of 1919 covers the entire subject-matter embraced in act No. 321 of the Acts of 1909 and was intended as a substitute for that act, it follows that the trial court erred in holding that the districts involved herein were valid districts. The decree is therefore reversed with directions to overrule the demurrer to the complaints.