Howard, County Treasurer, *v.* Stafford, County Judge.

4-6706                                       158 S. W. 2d 929

Opinion delivered February 9, 1942.

*F. O. Butt,* for appellant.

*John K. Butt,* for appellee.

*Bob Bailey, Charles Mehaffy, J. F. Quillin* and *Fuller·& Russell,* amici curiae.

McHaney, J. Act No. 78 of 1941, entitled "An Act to Fix the Fees of County Treasurers, and for Other Purposes," provides: "Section 1. The county treasurers shall be allowed fees as follows: Two per centum on all funds coming into their hands as treasurers and to be paid out of the respective funds. This shall not apply to revolving loan, equalizing, vocational education funds, and all proceeds of bond sales and money collected from insurance on losses and all such non-revenue receipts for which the treasurer shall receive no commission for the handling of said funds.

"Section 2. Whereas, the uncertainty of the law governing county treasurers' fees in this state is causing great confusion in our county governments and is endan-

gering the public peace and safety, an emergency is therefore declared and this act shall take effect and be in force from and after its passage."

Section 1 of said Act 78 is an exact copy of § 1 of Act No. 146 of 1939, except it omits the last sentence of the latter, as follows: "The provisions of this act shall not apply to or be in force in any county now or hereafter having a treasurer who is paid a salary instead of fees, as provided for by legislative or initiative salary acts relating to any county officials."

Appellant is drawing a salary, as county treasurer of Carroll county, of $100 per month under the provisions of Act 93 of the Acts of 1929, p. 497. He filed the claim here involved, based on said Act 78 of 1941, from January 1, 1941 to and including October 31, 1941, that is two per cent. of the total revenue accruing to the county for said period exclusive of the funds excluded in said Act, less his salary for 11 months at $100 per month, in the sum of $1,203.40. The county court disallowed the claim. He appealed to the circuit court, where his claim was again disallowed, and he has appealed to this court.

The question presented to us is whether Act 78 of 1941 is a general salary Act which, of its own force and effect, repeals all previous laws on the subject, either general, special or local, or local initiated county salary acts. Our investigation discloses that there are 18 counties in the state, operating under local initiated salary acts, adopted by a vote of the people, and that there are 13 counties in the state, operating under legislative local salary acts. Was it the purpose of the legislature, in the enactment of said Act 78, to overturn or upset the fiscal affairs of these 31 counties by repealing the acts fixing the compensation of all county treasurers and other officers in many counties, and of treasurers in others? Act 78 does not purport in express terms to repeal anything. It has no repealing clause. If it does repeal any other act, it does so by implication. It appears to us that the legislature had in mind, or was so advised, that Act 146 of 1939 was unconstitutional and void, because of the clause above quoted, which exempted

31 counties of the state from its provisions and that it re-enacted said Act 146, by Act 78 of 1941, omitting the exemption clause, to make it a general act and, therefore, constitutional. Whether this was the purpose or not, we think it had the effect of repealing Act 146 of 1939, whether constitutional or not, but that it did not repeal any other Act, either legislative or initiative, fixing the salary of county treasurers.

Act 78 of 1941 does not purport to be a salary Act or other compensatory act for county treasurers. It is entitled "An Act to Fix the Fees of County Treasurers and for Other Purposes." Section 1 provides: "The county treasurers shall be allowed fees as follows: Two per centum on all funds coming into their hands as treasurers and to be paid out of the respective funds," except certain funds specified. There is no provision in the act that intimates that all such fees accruing to the office shall be paid to the treasurers as salary or other compensation. We think what the legislature intended to do was to create a source of revenue accruing to such office from which the salary of the incumbent could be paid. This is borne out, we think, conclusively, from the language of Act 93 of 1929, the Act under which appellant is now being paid a salary of $1,200 per year. Section 1 of said act provides for said salary and, further, "the same to be paid him out of the fees, commissions and emoluments of the office now allowed by law or hereafter allowed to a county treasurer of this state." Section 2 of said act provides that if such commissions and emoluments of the office in any one year shall exceed $1,200, "such surplus or sums in excess thereof shall be pro-rated or apportioned to the various funds entitled thereto as provided by law." Similar provisions are contained in all county salary initiated acts and generally in the legislative salary acts. The whole purpose of Act 78 of 1941 was to provide a fund out of which salaries of treasurers could be paid, and was not, in any sense, a salary or compensation act in itself. Therefore, the circuit court, as also the county court, correctly denied appellant's claim.

We do not now determine whether Act 93 of 1929 is a valid and constitutional Act, and, if so, under what Act

appellant would draw his pay. What we do hold is that Act 78 of 1941 is not itself a salary Act and that it does not repeal any legislative or initiated salary act fixing salaries of county treasurers. In this connection compare *Warfield* v. *Chotard*, 202 Ark. 837, 153 S. W. 2d 168. Appellant and other treasurers of Carroll county have been drawing compensation under said Act 93 of 1929 at the rate of $1,200 per year, and that Act has not been repealed by said Act 78.

Affirmed.

SMITH, J., (dissenting). It may have been unwise, if not improvident, to fix the compensation of all county treasurers at two per centum of all funds coming into their hands as treasurers, to be paid out of the respective funds, with certain funds excepted. But we are not concerned with that question. That act 78 of the Acts of 1941 does fix those fees appears to me to be indubitable, and the power of the General Assembly to fix that compensation is also indubitable.

Now, the act does not contain a repealing clause, yet the majority say it repealed act 146 of the Acts of 1939. Certainly it did. And if it repealed that act, it repealed all other acts in conflict with it.

In the case of *Louisiana Oil Refining Co.* v. *Rainwater*, 183 Ark. 482, 37 S. W. 2d 96, the second headnote reads as follows: "When there are two acts on the same subject, the rule is to give effect to both if possible; but if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first; and, even where the two acts are not in terms repugnant, yet, if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act, although there may be provisions in the old act not embraced in the new."

Among other cases to the same effect are the following: *Coats* v. *Hill*, 41 Ark. 149; *DeQueen* v. *Fenton*, 100 Ark. 504, 140 S. W. 716; *Eubanks* v. *Futrell*, 112 Ark.

437, 166 S. W. 172; *Hickey* v. *State,* 114 Ark. 526, 170 S. W. 562; *Common School District No. 52* v. *Rural Special School District No. 11,* 146 Ark. 32, 225 S. W. 21; *Security Mortgage Co.* v. *Herron,* 174 Ark. 698, 296 S. W. 363; *Dicken* v. *Missouri Pacific Rd. Co.,* 188 Ark. 1035, 69 S. W. 2d 277; *State,.ex rel., Trimble* v. *Kantas,* 191 Ark. 22, 82 S. W. 2d 847; *McDonald* v. *Wasson,* 188 Ark. 782, 67 S. W. 2d 722; *Curlin* v. *Watson,* 187 Ark. 685, 61 S. W. 2d 701; *Faulkner* v. *Faulkner,* 186 Ark. 1082, 57 S. W. 2d 818; *Lawyer* v. *Carpenter,* 80 Ark. 411, 97 S. W. 662; *Johnson County* v. *Hartman,* 177 Ark. 1009, 8 S. W. 2d 469; *Massey* v. *State, Use Prairie County,* 168 Ark. 174, 269 S. W. 567; *Boas* v. *Coates,* 114 Ark. 23, 169 S. W. 312; *Milwee* v. *Board of Directors Horatio School District,* 105 Ark. 77, 150 S. W. 391; *Hampton* v. *Hickey,* 88 Ark. 324, 114 S. W. 707.

Act 78 is a general act, applicable to every county in the state, and if it is anything at all more than a mere scrap of paper, it is a Salary Act. It can be nothing else, if it is anything at all.

It is provided in amendment No. 7 to the constitution that no measure approved by a vote of the people. shall be amended or repealed by the General Assembly, or by any city council, except upon a yea and nay vote, on a separate roll call, of two-thirds of all the members elected to each house of the General Assembly, or of the city council, as the case may be. Act 78 was passed in the Senate by a vote of 28 to none, and in the House by an affirmative vote of 69 to 3 negative votes, so that a sufficient vote was cast to repeal even those acts initiated and adopted by the vote of the people. However, it is conceded that Carroll county has no initiated salary act. Acts relating to the salary of the county treasurer of that county were passed by the General Assembly, and it is, of course, within the power of the General Assembly to repeal that legislation, and act 78 accomplishes that result.

The majority say that act 78 does not purport to be a salary act, or other compensatory act for county treasurers. Why not? The majority say the act was merely intended to create a source of revenue accruing to such

office, from which the salary of the incumbent could be paid. But that is not the way the act reads. It says: "County treasurer shall be allowed fees as follows: Two per centum on all funds coming into their hands as treasurer" except from certain funds. What can the phrase, "allowed fees" mean except that they shall be paid the fees? There is nothing in the act about accumulating a fund out of which to pay fees. The funds out of which to pay fees accrue as funds are paid into the treasurer's hands, and the act provides that he shall be allowed two per centum of these.

It does not appear to be questioned that the General Assembly has the power to pass a general salary act for all county treasurers. If act 78 does not do this, it has no meaning. In the case of *Dozier* v. *Ragsdale*, 186 Ark. 654, 55 S. W. 2d 779, it was said: "In the construction of statutes, the question is not what the Legislature meant, but what its language means."

I, therefore, most respectfully, but very earnestly, dissent from the conclusion of the majority that the act does not allow county treasurers a commission or compensation of "two per centum on all funds coming into their hands as treasurers, and to be paid out of the respective funds," except from certain funds not here involved and against which no commission is charged or asked.