POOLE *v.* THOMPSON.

4-2630

Opinion delivered July 4, 1932.

*E. L. Carter,* for appellant.
*Steel & Edwards,* for appellee.

BUTLER, J. James Thompson, a negro, executed the mortgage sued on covering 100 acres of land in sections

14, 16 and 23 in township 9 south, range 29 west, on October 20, 1921. The mortgage was made to the Conservative Loan Company, and regularly assigned to the appellants.

There was no dispute about the mortgage or about the right of appellants to a judgment against the mortgagor, James Thompson.

The Bank of Lockesburg held a third mortgage also executed by James Thompson against the same lands, and 120 acres in section 8, to secure the payment of a note for $2,160. This note and mortgage were executed June 7, 1922, and were due October 2, 1922. Thompson made payments on the indebtedness to the Conservative Loan Company, and also on the indebtedness to the Bank of Lockesburg. In 1928 his indebtedness to the bank had been reduced to $1,000, and he executed a note for this amount.

In February, 1929, Thompson paid to the bank $400, leaving an indebtedness of $600, and on that date executed a note for $600 secured by chattel mortgage, and this mortgage was to secure all indebtedness due the Bank of Lockesburg.

All the lands in the mortgages became delinquent for nonpayment of road taxes due for the years 1921 and 1922, and in 1924 the road improvement district filed suit and a decree was entered in the chancery court and a commissioner's deed executed in October, 1926. The land was thereafter conveyed to Dell Dritt, who conveyed the same to the Bank of Lockesburg on March 1, 1927.

The appellants, assignees of the Conservative Loan Company, brought suit to foreclose the mortgage executed on October 20, 1921. The appellee, Bank of Lockesburg, filed answer and cross-complaint denying all the material allegations in the complaint and alleging that it was the owner of the lands described, free from any lien of plaintiffs, and alleged that plaintiff's mortgages

constituted a cloud upon its title and asked that they be set aside.

It was further alleged that the lands described in the complaint are embraced in Road Improvement District No. 3, and were sold for the assessments levied against the lands for the years 1921 and 1922; that suit was brought and a decree entered in April, 1924; the lands were sold to the district, and deed was made to the road improvement district in October, 1926; that in December, 1926, the road improvement district sold and conveyed said lands to Dell Dritt, and on the first day of March, 1927, Dell Dritt conveyed the lands to the Bank of Lockesburg.

The appellants filed answer to the cross-complaint alleging the mortgage made to the bank and certain payments thereon, and that said mortgage had never been satisfied; that the purchase of said land by Dell Dritt and the Bank of Lockesburg was for the purpose of redeeming the lands from the improvement district taxes. They further alleged that James Thompson, the defendant, had repaid the Bank of Lockesburg, and that it continued to permit Thompson to remain in possession; that the Bank of Lockesburg was estopped from asserting and claiming the title thereto.

James Thompson and Henrietta Thompson, appellees, filed an answer and cross-complaint denying the allegations of the Bank of Lockesburg that it had any deed from the improvement district. Thompson further alleged that he was an ignorant negro farmer, and had been a customer of the Bank of Lockesburg, and had sought its assistance in paying taxes and buying and selling land. It was further alleged in Thompson's answer that the debt to the bank had been reduced to $600, which was secured by chattel mortgage and that that represented all of Thompson's indebtedness to the bank. They alleged that in the fall of 1929 they paid the Bank of Lockesburg the proceeds from the sale of their crop, the amount of which was unknown. They further alleged

that they paid the taxes due for 1930 and all former years, and that the bank had never demanded possession; that Thompson was advised by the cashier of the bank not to pay the improvement district taxes.

The bank filed a reply to the answer of Thompsons, denying all the allegations made by them.

There is practically no dispute about the facts as between the appellants and the Bank of Lockesburg, and Thompson did not appeal.

The court entered judgment in favor of appellant, Poole, for $989.79 and E. L. Carter, trustee for $59.81. These judgments were against James Thompson. The court also found that the indebtedness from Thompson to the Bank of Lockesburg was $600, and that, as to Thompson, the purchase of the land amounted to a redemption, and that the bank had paid $100 in redeeming the land from the road improvement district, and that Thompson could redeem by the payment of the $100 and the $600 secured by the mortgage, and gave Thompson six months in which to pay said sums.

It was further decreed that, if Thompson failed to pay within six months, the rights of the Bank of Lockesburg in and to said lands be quieted and confirmed against all the parties. The decree further provided that, if Thompson redeemed the land, Poole and Carter should have the right to have the lands sold for the payment of their respective judgments.

The appellants contend for a reversal of the decree because: (1) The court allowed the Bank of Lockesburg a prior lien of $100; (2) the decree provided that only Thompson had the right to redeem; (3) for the reason that the decree required not only the payment of $100, but the $600 that Thompson owed the bank; (4) for failure to require the bank to exhaust its security against the chattels embraced in the mortgage, and against the 80 acres of land upon which the bank had a first lien; 5, the court erred in permitting the introduction of the deed from the improvement district.

It will be seen from the statement that there is no controversy about the amount of indebtedness, and there is, as we have already said, practically no dispute as to the facts.

Since Thompson has not appealed, the only question for our consideration is whether the appellants have any rights as against the Bank of Lockesburg.

The mortgages owned by appellant, and which they sought to foreclose, were executed October 20, 1921. The road improvement district taxes were delinquent for the years 1921 and 1922, and suit was brought in 1924 by the road improvement district to foreclose its lien. A decree was entered in its favor in April, 1924, and the lands were sold in May, 1924, and purchased by the road improvement district.

A commissioner's deed was made to the district in October, 1926, and in December, 1926, the Bank of Lockesburg purchased the lands. The appellant could have, at any time from 1921 up to the time the bank purchased the property, paid the taxes and redeemed the land. They could have protected themselves in this manner, or they could have paid the taxes before they became delinquent. They, however, did not do this. They made no effort to protect their lien, and began no proceedings until July, 1931.

As to the rights of the Bank of Lockesburg and the appellants, the authorities are not in harmony. But the questions·here involved have already been settled by the decisions of this court, and it.is therefore unnecessary to discuss other authorities.

In a recent case we said: ''The holder of the second mortgage was under no obligation to the holder of the first mortgage to redeem the lands in possession of the mortgagor from their sale for delinquent taxes, notwithstanding the owner was bound to the payment of such taxes by the terms of the first mortgage. The appellant, under his mortgage, could have paid the taxes before the lands were sold as delinquent, and charged them against

the mortgagor, and it could have redeemed the lands in the manner provided by the act from the tax sale within the time allowed therefor after such sale. "Appellant makes no showing of having been prevented from either paying the taxes or redeeming the lands by any conduct of the holder of the second mortgage calculated to lull him into security in the belief that such taxes would be paid or redemption would be made for his benefit." *Security Mtg. Co.* v. *Herron,* 174 Ark. 698, 296 S. W. 363. The same principle was announced in the case of *Security Mtg. Co.* v. *Harrison,* 176 Ark. 423, 3 S. W. (2d) 59.

The decisions in the above cases settle this case. It is, however, contended by appellant that these cases are overruled by the case of *Bartel* v. *Ingram,* 178 Ark. 699, 11 S. W. (2d) 488. There is, however, nothing in that case in conflict with the principles announced in the two cases above mentioned. The facts in *Bartel* v. *Ingram* case were wholly different. The case is controlled by the principles announced in the above cases, and the decree of the chancery court is affirmed.